# EXHIBIT 1

## IN THE AMERICAN ARBITRATION ASSOCIATION

| LAVERNE JONES, STACEY NESS and KERRY NESS, *individually and on behalf of all others similarly situated*, | Case No. 11 181 00295 05 |
|---|---|
| Claimants, | |
| vs. | |
| GENUS CREDIT MANAGEMENT CORPORATION, f/k/a NATIONAL CREDIT COUNSELING SERVICES, AMERICAN FINANCIAL SOLUTIONS, NORTH SEATTLE COMMUNITY COLLEGE FOUNDATION, INCHARGE INSTITUTE OF AMERICA, INC., AMERIX CORPORATION, 3C INCORPORATED d/b/a CAREONE CREDIT COUNSELING, FREEDOMPOINT CORPORATION, FREEDOMPOINT FINANCIAL CORPORATION, ASCEND ONE CORPORATION and BERNARD DANCEL | |
| Respondents. | |

## PARTIAL CLASS ARBITRATION SETTLEMENT AGREEMENT

This Partial Class Arbitration Settlement Agreement (the "Settlement Agreement") is made and agreed on this 10th day of March, 2011 by, between and among claimants and certified class representatives Laverne Jones, Stacey Ness and Kerry Ness ("Named Claimants"), individually and on behalf of the class certified in this arbitration and confirmed by the United States District Court for the District of Maryland (collectively "Claimants") and respondents National Credit Counseling Services, Inc. (f/k/a Genus Credit Management Corporation and referred to herein as "Genus") and InCharge Institute of America, Inc. (collectively the "Settling Respondents" and together with Claimants, the "Settling Parties").

WHEREAS, Named Claimant Laverne Jones and deceased claimant Mary Rawlings initiated this action on March 24, 2004 by filing a *Class Action Complaint* (the "Related Federal Lawsuit") in the United States District Court for the District of Maryland (the "Maryland District Court");

WHEREAS, on August 20, 2004, an Amended Complaint was filed in the Maryland District Court also naming as Plaintiffs, Claimants Stacey and Kerry Ness;

WHEREAS, the Maryland District Court issued a Memorandum decision and Order compelling arbitration of claims asserted in the Related Federal Lawsuit. *See Jones v. Genus Credit Mgmt. Corp.*, 353 F. Supp. 2d 598 (D. Md. 2005);

WHEREAS, on February 7, 2005, Claimants commenced the instant class arbitration (the "Arbitration") in the American Arbitration Association ("AAA") pursuant to the AAA *Supplementary Rules for Class Arbitrations* against the Settling Respondents and respondents North Seattle Community College Foundation and its division American Financial Solutions ("NSCCF/AFS"), Amerix Corporation, 3C Incorporated d/b/a

2

CareOne Credit Counseling ("CareOne"), FreedomPoint Corporation, FreedomPoint Financial Corporation, Ascend One Corporation and Bernaldo Dancel ("Dancel") (collectively "Respondents");

WHEREAS, the *Class Arbitration Complaint* filed in this Arbitration alleges claims for violations of the Credit Repair Organizations Act ("CROA"), Racketeer Influenced and Corrupt Organizations Act ("RICO"), Telemarketing and Consumer Fraud and Abuse Prevention Act, Fair Debt Collection Practices Act, Maryland Consumer Protection Act ("MCPA") and Maryland Debt Management Services Act ("MDMSA"), common law breach of fiduciary duty, common law fraud and common law unjust enrichment;

WHEREAS, Arbitrator Donald H. Green (the "Arbitrator" or "Arbitrator Green") was appointed as the sole arbitrator for this Arbitration;

WHEREAS, on October 13, 2005, Arbitrator Green issued a *Partial Final Clause Construction Award* (the "Clause Construction Award") determining that the Arbitration may proceed as a class arbitration under the AAA *Supplementary Rules for Class Arbitration*, which Clause Construction Award was confirmed by the Maryland District Court in its decision on Respondents' petition and motion to vacate the Class Construction Award. *Genus Credit Mgmt. Corp. v. Jones*, 2006 U.S. Dist. LEXIS 16933 (D. Md. April, 6, 2006);

WHEREAS, the parties to the Arbitration thereafter engaged in substantial documentary, written and deposition discovery pursuant to the orders and directives of the Arbitrator, including but not limited to Order No. 3 (Case Management and

Discovery Plan), Order No. 5 (resolving motions to compel discovery), Order No. 6 and Order No. 8 (approving and issuing third-party and expert discovery);

WHEREAS, Named Claimants filed a motion to certify a nationwide class on August 1, 2008, which motion was opposed by all Respondents, including the Settling Respondents;

WHEREAS, on September 26, 2008, Respondents filed a motion for summary judgment, collectively seeking the dismissal of all claims alleged in the *Class Arbitration Complaint*, which motions were opposed by Named Claimants;

WHEREAS, on September 26, 2008, Named Claimants filed a motion for summary judgment seeking summary judgment for their alleged claims under CROA, MCPA, MDMSA and the Maryland Credit Businesses Services Act, which motion was opposed by all Respondents;

WHEREAS, on December 11, 2008, the Arbitrator held a hearing on the motion for class certification and the parties' competing motions for summary judgment.

WHEREAS, on May 7, 2009, the Arbitrator issued a *Class Determination Award and Rulings on Summary Judgment Motions*, which among other things granted the Named Claimants' request, in part, to certify a class for six (6) of the ten (10) initial claims filed, three (3) of which were not dismissed via summary judgment, *i.e.*, a) Credit Repair Organizations Act, b) Racketeer Influenced Corrupt Organizations Act and c) Maryland Consumer Protection Act. Pursuant to the Arbitrator's rulings, all other claims were either not certified or were dismissed pursuant to Respondents' motions for summary judgment. The Arbitrator further defined the class (the "Certified Class") as follows:

4

All persons in the United States and its territories who, within the time allowed under the statutes of limitation relevant to the claims certified above, enrolled in a Debt Management Plan or similar program created, advertised, administered or serviced by Respondents or any of them, or any entity sharing common ownership with any Respondent, provided those persons have entered into contracts with arbitration provisions similar to or the same as those entered into by the named class representatives.

WHEREAS, Claimants filed a motion in the Maryland District Court for confirmation of the *Class Determination Award* pursuant to the Federal Arbitration Act, which motion was granted by the Maryland District Court on September 8, 2009;

WHEREAS, Respondents filed a motion in the Maryland District Court to vacate that portion of the *Class Determination Award and Rulings On Summary Judgment Motions* that sustained Claimants' Maryland Consumer Protection Act claim, which motion was denied by the Maryland District Court on September 8, 2009;

WHEREAS, on October 7, 2009, Respondents appealed the decision of the Maryland District Court dated September 8, 2009 to the United States Court of Appeals for the Fourth Circuit, Case No. 09-2174 (the "Fourth Circuit Appeal"), which appeal remains pending;

WHEREAS, on May 18, 2010, Claimants moved to strike Respondents' appellate brief before the United States Court of Appeals for the Fourth Circuit insofar as it addressed matters pertaining to the decision of the United States Supreme Court in *Stolt-Nielsen S.A. v. Animal Feeds, Int'l Corp.*, 130 S.Ct. 1758 (2010);

WHEREAS, on June 9, 2010 the United States Court of Appeals for the Fourth Circuit entered an order deferring decision on Claimants' Motion to Strike until decision is rendered on the substance of Respondents' appeal;

5

WHEREAS, on May 7, 2010, all Respondents made an application to the Arbitrator to stay the merits hearing and for reconsideration of the *Class Determination Award and Rulings On Summary Judgment Motions* in light of the decision of the United States Supreme Court in *Stolt-Nielsen S.A. v. Animal Feeds, Int'l Corp.*, 130 S.Ct. 1758 (2010) ("Motion to Stay");

WHEREAS, on June 30, 2010, a hearing was held before the Arbitrator on Respondents' Motion to Stay;

WHEREAS, in a *Final Award Approving Partial Class Arbitration Settlement*, dated and entered on July 16, 2010, the Arbitrator approved a settlement among Claimants and former Respondent NSCCF/AFS;

WHEREAS, on July 16, 2010, the Arbitrator rendered his rulings on the Motion to Stay in which he denied Respondents' requested relief based upon *Stolt-Nielsen S.A. v. Animal Feeds, Int'l Corp.*, 130 S.Ct. 1758 (2010), in all respects;

WHEREAS, on August 4, 2010, Respondents filed a motion in the Maryland District Court to enjoin the Arbitration in light of the decision in *Stolt-Nielsen S.A. v. Animal Feeds, Int'l Corp.*, 130 S.Ct. 1758 (2010);

WHEREAS, on September 7, 2010, the Maryland District Court denied Respondents' motion to enjoin the Arbitration;

WHEREAS, on September 10, 2010, Respondents filed a motion in the United States Court of Appeals for the Fourth Circuit to enjoin the Arbitration in light of the decision in *Stolt-Nielsen S.A. v. Animal Feeds, Int'l Corp.*, 130 S.Ct. 1758 (2010), which motion was opposed by Claimants and remains pending;

6

WHEREAS, the Settling Respondents have denied and continue to deny they have violated any law, engaged in any improper conduct or engaged in any actionable conduct;

WHEREAS, arm's length settlement negotiations have taken place between Claimants' counsel, who have also been appointed as counsel for the Certified Class ("Class Counsel"), representatives of the Settling Respondents and counsel for the Settling Respondents, and this Settlement Agreement, including its exhibits, which embodies all of the terms and conditions of the settlement between Settling Parties, has been reached, subject to the preliminary approval of the Arbitrator and, after notice to the Certified Class, Final Approval as provided herein;

WHEREAS, Class Counsel have concluded, after due investigation and after carefully considering the relevant circumstances, including the limited financial condition of the Settling Respondents, the claims asserted in the complaints filed in this Arbitration, the legal and factual defenses thereto and the applicable law, that it would be in the best interests of Named Claimants and the Certified Class to enter into this Settlement Agreement in order to avoid the uncertainties of litigation and to assure that the benefits reflected herein are obtained for the Certified Class and, further, that Class Counsel consider the settlement set forth herein to be fair, reasonable and adequate and in the best interests of Named Claimants and all members of the Certified Class;

WHEREAS, this Arbitration shall continue against all Non-Settling Respondents and this Settlement Agreement is not intended to release any person not specifically identified as one of the Released Genus Parties;

WHEREAS, Settling Respondents have concluded, despite their belief that they

7

have good defenses to the claims asserted in this Arbitration, that they shall enter into this Settlement Agreement solely to avoid the further expense, inconvenience and burden of this Arbitration and any other present or future litigation arising out of the facts that gave rise to this Arbitration, to avoid the distraction and diversion of their personnel and resources and to avoid the risks inherent in uncertain complex litigation;

NOW, THEREFORE, it is agreed by and among the undersigned, on behalf of each of the Settling Parties, that the Arbitration be settled, compromised and dismissed on the merits and with prejudice as to the Settling Respondents, after notice to the Certified Class subject to the approval of the Arbitrator, on the following terms and conditions:

I.      DEFINITIONS.

In addition to the terms previously and hereafter defined, the following terms shall have the following meanings and usages in this Settlement Agreement:

1.      "Attorneys' Fee Payment Date" means the date occurring five (5) business days after the Settlement Effective Date.

2.      "Certified Class" means all persons in the United States and its territories who, during the Class Period, enrolled in a Debt Management Plan or similar program created, advertised, administered or serviced by Respondents or any of them, or any entity sharing common ownership with any Respondent, provided those persons have entered into contracts with arbitration provisions similar to or the same as those entered into by the Named Claimants. For purposes of this Settlement Agreement, the Settling Parties agree to request the Arbitrator to clarify and/or modify this definition by incorporating the Class Period as set forth in Paragraphs 4 and 48.

8

3.      "Class Counsel" means collectively the following law firms who represent Named Claimants and the Certified Class: G. OLIVER KOPPELL & ASSOCIATES, TUSA, P.C., AND JACK SANDO, ESQ.

4.      "Class Period" means the consecutive time period from January 1, 1998 through the date of entry of the *Class Determination Award and Rulings on Summary Judgment Motions*, May 7, 2009.

5.      "Escrow Account" means the escrow account established pursuant to the Escrow Agreement established pursuant to Paragraph 23.

6.      "Escrow Agents" means the escrow agents under the Escrow Agreement.

7.      "Escrow Agreement" means the escrow agreement substantially in the form of Exhibit A hereto.

8.      "Escrow Funds" means the Settlement Proceeds (defined in ¶21) to be paid by the Settling Respondents on the Funding Date in conformity with Paragraph 11 of this Settlement Agreement.

9.      "Final Approval" means: the Settlement Agreement has been granted final approval by the Arbitrator substantially in the form proposed in the Final Award Approving Partial Settlement of Class Arbitration, and (i) if no appeal has been or could be taken from the Final Award Approving Partial Settlement of Class Arbitration, that the time to appeal therefrom has expired; (ii) if any motion to vacate all or part of the Final Award Approving Partial Settlement of Class Arbitration, has been filed, that all proceedings and appeals therefrom (except for motions to vacate, proceedings or appeals pertaining only to the allocation of Claimants' counsel's attorneys' fees), have been finally disposed of in a manner that denies vacatur and/or affirms the Final Award

9

Approving Partial Settlement of Class Arbitration without any material modification or condition; and (iii) if any motion to confirm the Final Award Approving Partial Settlement of Class Arbitration has been filed in the Maryland District Court, that the Maryland District Court has confirmed the Final Award Approving Partial Settlement of Class Arbitration without any material modification or condition, pursuant to 9 U.S.C. §9, and either (a) no appeal has been taken from the confirmation order and the time to appeal therefrom has expired, or (b) any appeal has been finally disposed of in a manner that affirms the Final Award Approving Partial Settlement of Class Arbitration without any material modification or condition.

10.     "Final Award Approving Partial Settlement of Class Arbitration" means the order issued by the Arbitrator approving the Settlement Agreement and the judgment entered pursuant to that order in substantially the form attached hereto as Exhibit B.

11.     "Funding Date" means the date occurring five (5) business days after issuance of the Preliminary Approval Order.

12.     "Net Escrow Funds" means the funds remaining in the Escrow Account after payment of the Arbitrator-approved reasonable settlement-related fees and costs, incentive payments to the Named Claimants, and Class Counsel's attorneys' fees and costs.

13.     "Notice" means the "Notice of Partial Class Arbitration Settlement" in substantially the form attached hereto as Exhibit C, as approved by the Arbitrator and provided to all members of the Certified Class.

14.     "Preliminary Approval Order" means the order preliminarily approving this Settlement Agreement and approving the Notice and notice distribution plan,

substantially in the form attached hereto as Exhibit D.

15.    "Released Claims" means the certified claims alleged in the *Class Arbitration Complaint* and any other claim reasonably included within the release set forth in Paragraph 51 below.

16.    "Released Genus Parties" means the Settling Respondents and those persons reasonably included within the Release set forth in Paragraph 51 below.  The definition of Released Genus Parties shall not include respondents Amerix Corporation, 3C Incorporated d/b/a CareOne Credit Counseling, FreedomPoint Corporation n/k/a CareOne Services, Inc., FreedomPoint Financial Corporation, Ascend One Corporation ("Ascend One"), Bernaldo Dancel and any family member of Bernaldo Dancel (collectively the "Non-Settling Respondents.").

17.    "Released Claimant Parties" means Claimants, Named Claimants' counsel and Class Counsel in this Arbitration, and any successors or assigns.

18.    "Settlement" means the terms and conditions of the Settling Parties' agreement to settle this Arbitration set forth in this Settlement Agreement.

19.    "Settlement Claimant(s)" means all members of the Certified Class who submit timely and valid Proofs of Claim to receive a payment from the Settlement Proceeds.

20.    "Settlement Effective Date" means the date on which each and every one of the following conditions has been satisfied, unless one or more of such conditions is waived in writing or modified in a writing signed by Class Counsel and the Settling Respondents, and the Settlement Agreement becomes effective:

    (a).   Execution of this Settlement Agreement;

(b).    Entry by the Arbitrator of a Preliminary Approval Order;

(c).    Expiration of the period within which Class Members must exercise their rights to be excluded from participation in this Settlement Agreement;

(d).    Approval by the Arbitrator of the Settlement Agreement;

(e).    Entry by the Arbitrator of the Final Award Approving Partial Settlement of Class Arbitration; and

(f).    The Settlement Agreement receives Final Approval.

II.    SETTLEMENT CONSIDERATION FROM THE SETTLING RESPONDENTS

A.    Payment of Settlement Proceeds

21.    The Settling Respondents agree to pay and shall pay four million dollars ($4,000,000) (hereafter the "Settlement Proceeds") to and for the benefit of the Certified Class, which payment shall be made on or before the Funding Date into the Escrow Account, and thereafter remain in the sole control of the Escrow Agents until the Settlement Effective Date or until this Settlement Agreement is terminated in accordance with Paragraph 49, except as provided herein to pay reasonable settlement costs and expenses approved by the Arbitrator.

22.    In accordance with the Escrow Agreement attached hereto as Exhibit A, the Escrow Agents shall have the authority to invest the Settlement Proceeds in short-term debt obligations secured by the full faith and credit of the United States, and any interest earned or accruing from investment of the Settlement Proceeds shall be added to the Settlement Proceeds and distributed in the manner directed by this Settlement Agreement and the Final Award Approving Partial Settlement of Class Arbitration entered by the Arbitrator.

B.     Escrow of Settlement Proceeds and Conditional Settlement Proceeds

23.     Upon the execution of this Settlement Agreement, the Settling Parties and the Escrow Agents shall execute the Escrow Agreement, attached as Exhibit A hereto, which Escrow Agreement, among other provisions, shall establish the Escrow Account and appoint the Escrow Agents.

24.     The Escrow Agreement shall be submitted to the Arbitrator for approval with the Settling Parties' motion for preliminary approval of this Settlement Agreement.

25.     The Escrow Account shall be established and administered under the Arbitrator's continuing supervision and control pursuant to the Escrow Agreement.

26.     Upon the payment of the Settlement Proceeds into the Escrow Account by the Settling Respondents, the Settlement Proceeds shall no longer be considered the property of the Settling Respondents, unless and until this Settlement Agreement is terminated pursuant to Paragraph 49 herein.

27.     All deposits made into the Escrow Account, and all interest earned or accruing from investing of funds deposited into the Escrow Account, shall be considered Escrow Funds during all times such funds are under the control and supervision of the Escrow Agents.

28.     All distributions from the Escrow Account shall be approved by the Arbitrator in advance of their withdrawal and/or distribution.

29.     During each month when the Escrow Account contains some or all of the Settlement Proceeds, counsel for the Settling Parties shall be entitled to receive account statements pertaining to the Escrow Account and all investments of Escrow Funds.

30.     No distribution to any Settlement Claimant may be made from the Escrow

Account and Escrow Funds until after the Settlement Effective Date.

31.     After preliminary approval of the Settlement, and subject to prior approval by the Arbitrator, disbursements may be made from the Escrow Account and Escrow Funds to pay taxes and reasonable costs and expenses of the settlement, as provided in Paragraph 33 hereof.

32.     Qualified Settlement Fund. The Escrow Account is intended by the Settling Parties hereto to be treated as a "qualified settlement fund" for federal income tax purposes pursuant to Treas. Reg. §1.468B-1, and to that end the parties hereto shall cooperate with one other and shall not take a position in any filing or before any tax authority that is inconsistent with such treatment. At the request of the Settling Respondents, a "relation back election" as described in Treas. Reg. §1.468B-1(j) shall be made so as to enable the Escrow Account to be treated as a qualified settlement fund from the earliest date possible, and the Escrow Agents shall take all actions as may be necessary or appropriate to this end. The Escrow Agents shall pay taxes or estimated taxes on any income earned on the funds in the Escrow Account and all related costs and expenses from the Escrow Account, in accordance with the Escrow Agreement, after approval by the Arbitrator and whether or not Final approval of the Settlement Agreement has occurred. In the event federal or state income tax liability is finally assessed against and paid by any Settling Respondent as a result of any income earned on the funds in the Escrow Account, such Settling Respondent shall be entitled to reimbursement of such payment from the funds in the Escrow Account, in accordance with the Escrow Agreement, after approval by the Arbitrator and whether or not Final approval of the Settlement Agreement has occurred. The Settling Respondents shall use

14

their best reasonable efforts to resist any such assessment or payment.

III.     SETTLEMENT ADMINISTRATION

33.     The Settling Parties shall propose that Strategic Claims Services serve as the Settlement Administrator ("Administrator") to provide the Arbitrator-approved Notice to the Certified Class, respond to inquiries made by Notice recipients, review and process Proofs of Claim submitted by Notice recipients, collect requests for exclusion by Notice recipients, calculate in the first instance the amounts of Settlement Proceeds due to each Settlement Claimant and distribute settlement payments to Settlement Claimants pursuant to the Settlement Agreement.  As more fully agreed and set forth in Paragraph 31, the reasonable fees and expenses of the Administrator shall be paid from the Escrow Account, with the prior approval of the Arbitrator.  The Settling Parties shall seek the approval of the appointment of the Administrator, and an estimate of its fees and costs, in their motion for preliminary approval of the Settlement Agreement.

34.     The Settling Parties and their counsel agree to and shall cooperate with the Administrator to provide or verify information required or requested by the Administrator in connection with its performance of the duties and services approved by the Arbitrator, and any related function or service.

35.     Upon completion of its services, the Settling Parties shall require the Administrator to provide the following information, certifications and assurances to the Arbitrator and the Settling Parties:   i) confirmation of distribution of the Notice(s) approved by the Arbitrator, in the manner approved by the Arbitrator; ii) the number and percentage of Notice(s) distributed by mail returned as undeliverable, after diligent efforts by the Administrator to obtain updated contact information; iii) the number of

Certified Class members who have requested exclusion from this Arbitration and/or the Settlement; iv) distribution of the Settlement Proceeds in the manner approved by the Arbitrator, following the Settlement Effective Date; v) the fees and costs invoiced by the Administrator, which upon Arbitrator approval shall be paid from the Escrow Funds held by the Escrow Agents; and vi) any other information or confirmation directed by the Arbitrator.

IV.    DISTRIBUTION OF NOTICE

36.    In the event that the Arbitrator preliminarily approves the Settlement Agreement and the Notice in accordance with Rules 6 and 8 of the AAA *Supplementary Rules for Class Arbitrations*, Class Counsel shall direct the Administrator to provide the Certified Class with the Notice approved by the Arbitrator, in the manner of distribution approved by the Arbitrator.      Settling Parties shall propose to the Arbitrator that the Notice shall be distributed by mail to the last-known address of all Certified Class members, and in addition, that the Administrator shall issue a press release containing the Notice. In the event a mailed Notice is returned as undeliverable, the Administrator shall undertake a reasonable search to locate a current address of the Certified Class member and shall re-mail the Notice and Proof of Claim form to him or her.

37.    The Settling Parties shall take all necessary and appropriate steps to ensure that such Arbitrator-approved Notice is distributed within twenty (20) business days after entry of the Preliminary Approval Order.

38.    The Settling Parties agree that any costs of providing Notice to the Certified Class that is payable by, directly or indirectly, any of the Settling Parties shall be paid from the Escrow Funds.  The permission and approval to make withdrawals and

16

disbursements from the Escrow Funds and Escrow Account shall be contained in the Preliminary Approval Order submitted to the Arbitrator by the Settling Parties.

39.     In the event this Settlement does not receive Final Approval, costs and expenses withdrawn from the Escrow Account and Escrow Funds to pay costs related to providing Notice to the Certified Class shall not be reimbursed to either the Escrow Account or Settling Respondents.

40.     In consultation with Class Counsel and counsel for Settling Respondents, the Administrator shall establish a website on the internet including a copy of the *Class Arbitration Complaint*, the Notice, a copy of this Settlement Agreement, a Proof of Claim form and a series of questions and answers explaining the terms of this Settlement Agreement and the rights and obligations of members of the Certified Class pursuant to this Settlement Agreement. The website shall also provide for the electronic filing of the Proof of Claim, as well as list a toll-free telephone numbers for queries. Settling Respondents shall have the right to approve the content of the website before it is launched, which approval shall not unreasonably be withheld. Any dispute between or among the Settling Parties regarding the website shall be submitted to the Arbitrator if it cannot be resolved by negotiation and agreement.

IV.     DISTRIBUTION OF NET ESCROW FUNDS

41.     In order to receive payment from the Net Escrow Funds, Certified Class members must submit a valid Proof of Claim to the Administrator by the time and in the manner indicated in the Notice.

42.     As soon as practicable after the Settlement Effective Date, each Settlement Claimant shall receive a proportional share of the Net Escrow Funds, calculated by

17

dividing the total Net Escrow Funds by the number of Settlement Claimants.

43.     In the event any Settlement Claimant disputes the amount of distribution provided to that Settlement Claimant by the Administrator under the terms of this Settlement Agreement, that Settlement Claimant may contact Class Counsel by certified mail, return receipt requested, within thirty (30) days of the distribution by the Administrator to that Settlement Claimant. Class Counsel shall have the right to modify the award, based upon information provided by the Settlement Claimant. In the event the Settlement Claimant continues to dispute the award, the Settlement Claimant shall have fifteen (15) days from the mailing of Class Counsel's decision within which to file a written request with the Arbitrator (whose contact information shall be provided by Class Counsel) for modification of the award made to the Settlement Claimant. Class Counsel shall have five (5) days to oppose this request.

44.     If any funds distributed by the Administrator to any Settlement Claimants are returned as undeliverable, reasonable efforts shall be made by the Administrator, with the assistance of the Settling Parties if necessary, to locate all such Settlement Claimants' current addresses. In the event such reasonable efforts do not locate the Settlement Claimants, the funds distributed to those Settlement Claimants shall revert to the Net Escrow Funds, which shall be used in the first instance to pay the Administrator's fees and expenses approved by the Arbitrator.

45.     If any Net Escrow Funds remain following the distribution to all Settlement Claimants, diligent efforts to locate Settlement Claimants whose Settlement Distributions were returned as undeliverable, and payment of all fees and expenses, including those incurred by the Administrator, then they shall be distributed, *cy pres*, to

18

the National Consumer Law Center.

V.      MOTION FOR PRELIMINARY APPROVAL

46.    The Settling Parties, within ten (10) business days after execution of this Settlement Agreement, shall jointly apply to the Arbitrator for a Preliminary Approval Order, in the form annexed hereto as Exhibit D, seeking the following relief:  i) preliminarily approving this Settlement Agreement; ii) approving the form of the Notice and notice plan to distribute the Arbitrator-approved Notice to Certified Class members; iii) providing the opportunity for any Certified Class member to be excluded from this Arbitration and from this Settlement; iv) approving the Proof of Claim form; v) approving Strategic Claim Services as the Administrator; vi) approving the Escrow Agreement, attached hereto as Exhibit A; vii) approving the payment of Notice costs and related expenses incurred by the Settling Parties from the Escrow Account; viii) scheduling  the submission of memoranda and comments in favor or opposition to the Settlement; and ix) scheduling a hearing to consider final approval of this Settlement, the Settlement Agreement and Class Counsel's application for the payment of attorneys' fees and the reimbursement of costs.

VI.     MOTION FOR FINAL APPROVAL

47.    In compliance with the schedule entered by the Arbitrator in the *Preliminary Approval Order*, the Settling Parties shall move the Arbitrator for entry of a Final Award Approving Partial Settlement of Class Arbitration pursuant to Rule 8 of the AAA *Supplementary Rules for Class Arbitrations*, substantially in the form attached hereto as Exhibit B, seeking the following relief:  i) finally approving this Settlement and the Settlement Agreement; ii) authorizing distribution of the Net Escrow Funds; iii)

19

finally approving the payment of incentive awards to the Claimants and the estate of deceased Claimant Mary Rawlings; iv) finally approving and granting the Release set forth in Paragraphs 51 through 53 of this Settlement Agreement; v) dismissing all claims against the Settling Respondents made in this Arbitration against the Settling Respondents, with prejudice; vi) finally approving Class Counsel's application for the payment of attorneys' fees, and finding such attorneys' fees to be fair and reasonable; vii) approving Class Counsel's request for the reimbursement of costs and expenses; viii) approving the payment of fees and expenses to the Administrator; and ix) reserving continuing and exclusive jurisdiction over the Settlement, including its administration.

## VII.    CLARIFICATION AND/OR MODIFICATION OF CLASS DEFINITION

48.     For the purposes of this Settlement only, the Settling Parties agree to seek in the Final Award Approving Partial Settlement of Class Arbitration a clarification and/or modification of the Certified Class definition to incorporate the Class Period, *i.e.*, the consecutive time period from January 1, 1998 through the date of entry of the Class Determination Award, May 7, 2009.

## VIII.   EFFECT OF DISAPPROVAL OF SETTLEMENT

49.     If the Arbitrator refuses to approve this Settlement Agreement or any material part hereof, or if such approval is materially modified or set aside by the Maryland District Court or upon appeal of a ruling by the Maryland District Court, or if the Arbitrator does not enter the Final Award Approving Partial Settlement of Class Arbitration as substantially set forth in Exhibit B, then this Settlement Agreement shall be canceled and terminated and shall become null and void, and the Escrow Funds (including any and all income earned thereon) shall be returned to Settling Respondents,

20

less reasonable settlement-related costs and expenses approved by the Arbitrator that were paid from the Escrow Account and Escrow Funds, including but not necessarily limited to costs for providing Notice to the Certified Class. Notwithstanding the foregoing, awards of attorneys' fees by the Arbitrator in amounts different from the amounts specified in Paragraph 57 hereof shall not be deemed a refusal of approval or modification of this Settlement Agreement, and a modification or reversal by the Maryland District Court, or upon appeal of a ruling by the Maryland District Court, of any award of attorneys' fees by the Arbitrator shall likewise not be deemed a disapproval or modification of all or part of the terms of this Settlement Agreement.

50.    The Settling Parties expressly reserve all of their rights if the Settlement does not receive Final Approval.

IX.    RELEASE

51.    Upon Final Approval, Named Claimants and the Certified Class, on behalf of themselves, their assigns, agents, attorneys, heirs, executors, administrators, predecessors, and successors, for good and valuable consideration, shall be deemed to have released and forever discharged any and all claims, actions, causes of action, rights or liabilities, which exist, or which could have been brought against Genus, InCharge Institute of America, Inc., and their affiliates InCharge Debt Solutions, InCharge Education Foundation, Inc., InCharge Housing Counseling Services, Inc., or any of their respective current or former employees, officers, directors, trustees, attorneys, administrators, executors, successors and assigns, with the exception of Bernaldo Dancel, any family members of Bernaldo Dancel, and any other Non-Settling Respondent and any Non-Settling Respondent's respective parents, subsidiaries, supported organizations,

21

supporting organizations, heirs, trustees, executors, administrators, beneficiaries and their respective predecessors, successors, representatives, principals and assigns, or any and all of them, by reason of any action, event, cause or activity arising out of or relating to or in any way connected with the advertisement, marketing, solicitation, origination, administration or provision of credit counseling services; the advertisement, marketing, solicitation, origination, and/or administration of a Debt Management Plan ("DMP") with Genus or NSCCF/AFS during the Class Period or otherwise entering into a DMP with Genus or NSCCF/AFS during the Class Period; and/or relating to the  sale and/or assignment of such DMP agreement(s); the transfer of funds between or among the Settling Respondents and their affiliates, or between or among the Settling Respondents and Non-Settling Respondents; and/or pursuant to Claimants' claims or any facts, circumstances, transactions, events, acts, omissions or alleged failures to act that have been alleged in the Arbitration (the "Released Claims").  This Release is intended to include, without limitation, all certified claims, whether statutory or at common law, whether seeking damages and/or injunctive or declaratory relief, asserted in the *Class Arbitration Complaint*.  In addition, Named Claimants generally release and discharge the Released Genus Parties from any and all claims, including all claims asserted in the *Class Arbitration Complaint* that the Arbitrator declined to certify for class treatment.

Section 1542 of the California Civil Code reads as follows:  "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Named Claimants and the Certified Class understand and expressly agree that the

Released Claims may include claims not yet asserted, but which could exist in their favor under the same predicate facts as claims asserted in the *Class Arbitration Complaint*. Named Claimants and the Certified Class here expressly waive any rights granted pursuant to Section 1542 of the California Civil Code, or similar state or federal statute(s).

52.     Named Claimants and the Certified Class intend by this Settlement Agreement to settle with and release only the Released Genus Parties, and the Settling Parties do not intend this Settlement Agreement, any part hereof or any other aspect of the proposed settlement or release, to release or otherwise affect in any way any rights any Named Claimant or Certified Class member has or may have against any other party or entity whatsoever, including but not limited to the Non-Settling Respondents and any Non-Settling Respondent's respective parents, subsidiaries, supported organizations, supporting organizations, heirs, trustees, executors, administrators, beneficiaries and their respective predecessors, successors, representatives, principals and assigns, or any and all of them.    More particularly, the fact or terms of this settlement with the Settling Respondents and their affiliates and the releases contained herein shall not be construed to release or limit in any manner whatsoever the joint or several liability or damage responsibility of any Non-Settling Respondent or alleged co-conspirator other than the Released Genus Parties for the Released Claims.   In addition, the release set forth in Paragraph 51 hereof shall not release any claims wholly unrelated to the subject matter of this Arbitration.

53.     Upon Final Approval, Settling Respondents, together with each of their respective parents, subsidiaries, supported organizations, supporting organizations, heirs,

trustees, executors, administrators, beneficiaries and their respective predecessors, successors, representatives, principals and assigns, or any and all of them, for the exchange of good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, shall be bound by the Final Award Approving Partial Class Arbitration Settlement and shall fully release, acquit and forever discharge, to the fullest extent permitted by law, the Released Claimant Parties for any and all claims, acts, failures to act, omissions, facts, matters, events, transactions, occurrences, or oral or written statements or representations made or allegedly made in connection with, or directly or indirectly relating in any way to this Arbitration or this Settlement Agreement.

X.     COOPERATION FOLLOWING APPROVAL OF SETTLEMENT

54.     Following Final Approval of this Settlement, the Settling Respondents agree to appear for the purpose of providing testimony at any trial or final hearing concerning the Named Claimants' and the Certified Class' claims against the Non-Settling Respondents, and to comply with any reasonable requests or subpoenas by or from Claimants, Class Counsel or the Arbitrator to provide testimony, documents or information in advance or at any trial or final hearing of Claimants' and the Certified Class' claims against the Non-Settling Respondents. If any representative of the Settling Respondents or their affiliates is required to travel out-of-state for the purpose of providing testimony pursuant to this cooperation provision, Claimants shall be responsible for the reasonable travel and lodging costs incurred by Settling Respondents or their affiliates.

XI.    NAMED CLAIMANT INCENTIVE AWARDS AND CLASS COUNSEL'S ATTORNEYS' FEES

55.     Within five (5) business days after the Settlement Effective Date, the

24

Named Claimants each shall receive seven thousand five hundred dollars ($7,500.00) from the Net Escrow Funds, or another amount awarded by the Arbitrator, as an incentive award in recognition of their time, effort and cooperation that substantially assisted in the relief obtained in this Settlement Agreement.

56.    Within five (5) business days after the Settlement Effective Date, the estate of deceased Claimant Mary Rawlings, or the executor or executrix or designee for her estate, shall receive two thousand five hundred dollars ($2,500.00), or another amount awarded by the Arbitrator, from the Net Escrow Funds as an incentive award in recognition of her time, effort and cooperation that substantially assisted in the relief obtained in this Settlement Agreement.

57.    Class Counsel shall apply to the Arbitrator for the payment of attorneys' fees in an amount not to exceed thirty three and one third percent (33.33%) of the sum of the Settlement Proceeds and any other financial benefits obtained for the Settlement Claimants, which Class Counsel believe is fair, reasonable and adequate. The amount of attorneys' fees awarded by the Arbitrator to Class Counsel shall be paid from the Settlement Proceeds, after the Settlement Effective Date.

58.    Class Counsel shall also apply to the Arbitrator for the reimbursement of their unpaid costs and expenses.  The amount of costs and expenses awarded by the Arbitrator to be reimbursed to Class Counsel shall be paid from the Settlement Proceeds after the Settlement Effective Date.

59.    Named Claimants' counsel and Class Counsel have designated the Law Offices of G. Oliver Koppell & Associates to receive any award of attorneys' fees and the reimbursement of costs and expenses approved by the Arbitrator, to be distributed among

25

Named Claimants' counsel and Class Counsel. Any disputes among the current or former Named Claimants' counsel or Class Counsel, or any of them, concerning the sharing, allocation or distribution of attorneys' fees, costs or expenses shall be presented *ex parte* to and resolved by the Arbitrator, with copies to all interested parties, following an effort to negotiate a resolution of the disputed issue.

## XII.   CONSENT TO JURISDICTION

60.    The Settling Parties agree that the Arbitrator possesses jurisdiction over this Arbitration, the parties to the Arbitration, the Certified Class members and the Settlement Claimants to approve and enforce the terms of this Settlement Agreement and the settlement contained herein. This Paragraph shall in no way limit the rights of the Settling Parties to seek confirmation of the Arbitrator's approval of the Final Award Approving Partial Settlement of Class Arbitration in the Maryland District Court, and no motion to seek confirmation in the Maryland District Court shall be interpreted or construed as a limitation on the jurisdiction of the Arbitrator.

## XIII.   FINAL AND ENFORCEABLE AGREEMENT TO SETTLE

61.    Upon execution by all Settling Parties, this Settlement Agreement shall be a final and enforceable agreement among the Settling Parties, subject only to its receipt of Final Approval, which all Settling Parties agree to support and not argue against for any reason. In the event of any appeal(s) from the Final Award Approving Partial Settlement of Class Arbitration, the Settling Parties agree to advocate in such appeal(s) for the denial of any appeal, petition, complaint or motion or other proceeding requesting, seeking or advocating to vacate the Final Award Approving Partial Settlement of Class Arbitration in whole or in part.

62.     Within five (5) business days of Final Approval, the Settling Respondents shall withdraw from the Fourth Circuit Appeal and any related proceedings or appeals, and agree to not re-file or re-join that appeal or any related proceedings. Unless and until the Settlement Agreement is canceled and terminated pursuant to Paragraph 49, the Settling Respondents shall not actively participate in the Fourth Circuit Appeal or any related proceedings or appeals *en banc* to the Fourth Circuit Court of Appeals or to the United States Supreme Court.

63.     If at the time the Fourth Circuit Appeal is decided, or any appeal of that decision is decided, this Settlement Agreement has not been cancelled and terminated pursuant to Paragraph 49, the Settling Parties agree to continue to advocate for Final Approval notwithstanding the decision by the Fourth Circuit Court of Appeals, regardless of the outcome of that appeal and regardless of whether such decision by the Fourth Circuit favors Settling Respondents or Claimants, in whole or in part. In the event of any breach of this obligation, the breaching party or parties shall be liable for attorneys' fees and expenses incurred in responding to such breach and any other injuries proximately caused by such breach, limited to the full value of the Settlement Proceeds.

64.     In the event Final Approval of this Settlement Agreement is denied due to a decision by the Fourth Circuit Court of Appeals in Case No. 09-2174, or any appeal of such decision, that the Certified Class should be decertified, or that it should not have been certified, the Settling Parties hereby agree to request the certification of a settlement class (the "Contingent Settlement Class") for the purpose of effectuating this Settlement Agreement. In the event the provisions of this Paragraph are triggered, the definition of the Contingent Settlement Class shall be the same as the definition of the Certified Class,

27

its representatives shall be Named Claimants and its counsel shall be Class Counsel. The class period for the Contingent Settlement Class shall be the same as the Class Period. In the event the provisions of this Paragraph are triggered, the Settling Parties shall request amendment of the proposed Final Award Approving Partial Class Arbitration Settlement attached hereto as Exhibit B, to include provisions for the Arbitrator to approve the Contingent Settlement Class, for settlement purposes only, in accordance with AAA Supplementary Rules 4, 5 and 8, but which shall not require further notice to the members of the Contingent Settlement Class. For the avoidance of doubt, the Settling Parties agree that the amended Final Award Approving Partial Class Arbitration Settlement referenced in the preceding sentence shall require Final Approval.

XIV.   CONTINUING JURISDICTION

65.     The Settling Parties agree that the Arbitrator shall maintain subject matter, personal jurisdiction and ancillary jurisdiction over the Settling Parties, this Arbitration, and all issues related to this Settlement Agreement, including allocation and disbursement of the Settlement Proceeds.

66.     Any disputes between or among the Settling Parties or between or among the Settling Parties and any Settlement Claimant concerning matters contained in this Settlement Agreement shall, if they cannot be resolved by negotiation and agreement, be submitted to the Arbitrator.

XV.   MISCELLANEOUS

67.     Reasonable Best Efforts to Effectuate this Settlement.   The Settling Parties agree to recommend approval of this Settlement Agreement by the Arbitrator. In addition, the Settling Parties and their counsel agree to undertake their reasonable best

efforts, including all steps and efforts contemplated by this Settlement Agreement and any other steps and efforts that may be necessary or appropriate, by order of the Arbitrator or otherwise, to carry out the terms of this Settlement Agreement.

68.     Authorization to Enter and Execute Settlement Agreement.     The undersigned signatories for the Settling Respondents covenant and represent that they are fully authorized to enter into and to execute this Settlement Agreement on behalf of the Settling Respondents, either individually or collectively. Named Claimants' counsel and Class Counsel represent that they are fully authorized to conduct settlement negotiations with the Settling Respondents and their counsel on behalf of Named Claimants and the Certified Class and to enter into, and to execute, this Settlement Agreement on behalf of Named Claimants and the Certified Class, subject to Arbitrator approval pursuant to Rule 8 of the AAA *Supplementary Rules for Class Arbitration.*

69.     Notices. Any notice or other communication to be given to any of the Settling Parties shall be delivered personally, by overnight mail or by United States certified mail, with signed return receipt requested, and sent to the following counsel for the Settling Parties:

To Claimants, Certified Class, Settlement Claimants or the Contingent Settlement Class:

> G. Oliver Koppell, Esq.
> G. OLIVER KOPPELL & ASSOCIATES
> 99 Park Avenue, 3rd Floor
> New York, NY 10016

To the Settling Respondents:

> Dwight W. Stone, II, Esq.
> WHITEFORD TAYLOR PRESTON LLP
> Suite 1500
> 7 St. Paul St.
> Baltimore, MD 21202-1636

70.     No Admissions.  This Settlement Agreement and any proceedings taken pursuant to it shall not in any event be construed as or deemed to be evidence of an admission or concession by any person.  Neither this Settlement Agreement nor any of its provisions shall be offered or received in evidence in any proceeding as an admission or concession of liability or wrongdoing by the Settling Respondents, or as an admission or concession of any issue, argument or position proffered by Named Claimants, the Certified Class or Class Counsel.

71.     Waiver or Modification.     Any waiver, alteration, amendment or modification of any of terms of this Settlement Agreement shall be valid only if made in writing and signed by the Settling Parties hereto, or counsel therefor.  No waiver by any party of any rights with respect to a particular transaction occurring in accordance with the terms of this Settlement Agreement shall be deemed to constitute a waiver with respect to any subsequent transaction hereunder unless such waiver specifically states that it is to be construed as a continuing waiver.

72.     No Conflict Intended. Any inconsistency between this Settlement Agreement and the exhibits attached hereto shall be resolved in favor of this Settlement Agreement. However, any inconsistency between this Settlement Agreement and the Escrow Agreement shall be resolved in favor of this Settlement Agreement.

73.     Headings.  The headings used in this Settlement Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

74.     No Settling Party Construed as the Drafter. None of the Settling Parties shall be considered to be the drafter of this Settlement Agreement or any provision hereof

30

for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

75.     Confidentiality of Discovery Materials.     Within 14 days after Final Approval of the Settlement, Settling Respondents shall comply with Paragraph 17 of the Protective Order entered by the Arbitrator on March 9, 2007, concerning the return or destruction of confidential discovery produced by Named Claimants.  Named Claimants and the Certified Class agree to comply with terms the Protective Order concerning confidential discovery produced by the Settling Respondents during the continuation of the Arbitration against the Non-Settling Respondents.

76.     Choice of Law. All terms of this Settlement Agreement and the exhibits and schedules hereto shall be governed by and interpreted according to the Rules of the AAA applicable to this Arbitration, federal law, and substantive laws of the State of Maryland without regard to its choice of law or conflict of laws principles.

77.     Execution in Counterparts. This Settlement Agreement may be executed in counterparts. Facsimile signatures shall be considered as valid signatures as of the date hereof, although the original signature pages shall thereafter be appended to this Settlement Agreement and filed with the Arbitrator and the AAA.

78.     Integrated Agreement.     This Settlement Agreement, along with its exhibits, constitutes the entire agreement among the Settling Parties and supersedes all previous understandings, commitments, or representations between the Settling Parties concerning resolution of the Arbitration by, between and among the Settling Parties.

IN WITNESS WHEREOF, the Settling Parties hereto, through their fully

authorized representatives, have agreed to this Settlement Agreement as of March 10, 2011.

By: _____
Laverne Jones
Named Claimant and Class Representative


By: _____
Stacey Ness
Named Claimant and Class Representative


By: _____
Kerry Ness
Named Claimant and Class Representative


NAMED CLAIMANTS' COUNSEL AND
CLASS COUNSEL, on behalf of Named
Claimants, the Certified Class, and Class
Counsel:

By: _____

G. Oliver Koppell, Esq.
G. OLIVER KOPPELL & ASSOCIATES
John F. Duane
Daniel Schreck
99 Park Avenue, 3rd Floor
New York, NY 10016
Tel. (917) 368-0400

TUSA, P.C.
Joseph S. Tusa
1979 Marcus Avenue, Ste. 210
Lake Success, NY 11042
Tel. (516) 622-2212

- and -

33 West 19th Street, 4th Floor
New York, NY 10016
Tel. (212) 400-7100

JACK SANDO, ESQ.
4922A St. Elmo Avenue
Bethesda, MD 20814
Tel. (301) 986-0818


NATIONAL CREDIT COUNSELING
SERVICES, INC. F/K/A GENUS CREDIT
MANAGEMENT CORP.

By: _____
Etta Money, President


INCHARGE INSTITUTE OF AMERICA,
INC.

By: _____
Etta Money, President


COUNSEL FOR NATIONAL CREDIT
COUNSELING SERVICES, INC. (F/K/A
GENUS CREDIT MANAGEMENT
CORPORATION) AND INCHARGE
INSTITUTE OF AMERICA, INC.:

By: _____
Dwight W. Stone, II
WHITEFORD TAYLOR PRESTON LLP
Suite 1500
7 St. Paul St.
Baltimore, MD 21202-1636
(410) 347-8750

33

authorized representatives, have agreed to this Settlement Agreement as of March --,

2011.

By: _Laverne Jones_
Laverne Jones
Named Claimant and Class Representative


By: _____
Stacey Ness
Named Claimant and Class Representative


By: _____
Kerry Ness
Named Claimant and Class Representative


NAMED CLAIMANTS' COUNSEL AND
CLASS COUNSEL, on behalf of Named
Claimants, the Certified Class, and Class
Counsel:

By: _G. Oliver Koppell_

G. Oliver Koppell, Esq.
G. OLIVER KOPPELL & ASSOCIATES
John F. Duane
Daniel Schreck
99 Park Avenue, 3rd Floor
New York, NY 10016
Tel. (917) 368-0400

TUSA, P.C.
Joseph S. Tusa
1979 Marcus Avenue, Ste. 2010
Lake Success, NY 11042
Tel. (516) 622-2212

-and -

33 West 19th Street, 4th Floor
New York, NY 10016
Tel. (212) 400-7100


32

authorized representatives, have agreed to this Settlement Agreement as of March --, 2011.

By: _____
Laverne Jones
Named Claimant and Class Representative

By: _____
Stacey Ness
Named Claimant and Class Representative

By: _____
Kerry Ness
Named Claimant and Class Representative


NAMED CLAIMANTS' COUNSEL AND
CLASS COUNSEL, on behalf of Named
Claimants, the Certified Class, and Class
Counsel:

By: _____

G. Oliver Koppell, Esq.
G. OLIVER KOPPELL & ASSOCIATES
John F. Duane
Daniel Schreck
99 Park Avenue, 3rd Floor
New York, NY 10016
Tel. (917) 368-0400

TUSA, P.C.
Joseph S. Tusa
1979 Marcus Avenue, Ste. 2010
Lake Success, NY 11042
Tel. (516) 622-2212

-and -

33 West 19th Street, 4th Floor
New York, NY 10016
Tel. (212) 400-7100

32

authorized representatives, have agreed to this Settlement Agreement as of March --,
2011.

By: _____
Laverne Jones
Named Claimant and Class Representative


By: _____
Stacey Ness
Named Claimant and Class Representative


By: _____
Kerry Ness
Named Claimant and Class Representative


NAMED CLAIMANTS' COUNSEL AND
CLASS COUNSEL, on behalf of Named
Claimants, the Certified Class, and Class
Counsel:

By: _____

G. Oliver Koppell, Esq.
G. OLIVER KOPPELL & ASSOCIATES
John F. Duane
Daniel Schreck
99 Park Avenue, 3rd Floor
New York, NY 10016
Tel. (917) 368-0400

TUSA, P.C.
Joseph S. Tusa
1979 Marcus Avenue, Ste. 2010
Lake Success, NY 11042
Tel. (516) 622-2212

-and -

33 West 19th Street, 4th Floor
New York, NY 10016
Tel. (212) 400-7100

JACK SANDO, ESQ.
4922A St. Elmo Avenue
Bethesda, MD 20814
Tel. (301) 986-0818


NATIONAL CREDIT COUNSELING
SERVICES, INC. F/K/A GENUS CREDIT
MANAGEMENT CORP.

By: _____
Etta Money, President


INCHARGE INSTITUTE OF AMERICA,
INC.

By: _____
Etta Money, President


COUNSEL FOR NATIONAL CREDIT
COUNSELING SERVICES, INC. (F/K/A
GENUS CREDIT MANAGEMENT
CORPORATION) AND INCHARGE
INSTITUTE OF AMERICA, INC.:


By: _____
Dwight W. Stone, II
WHITEFORD TAYLOR PRESTON LLP
Suite 1500
7 St. Paul St.
Baltimore, MD 21202-1636
(410) 347-8750


33

JACK SANDO, ESQ.
4922A St. Elmo Avenue
Bethesda, MD 20814
Tel. (301) 986-0818


NATIONAL CREDIT COUNSELING
SERVICES, INC. F/K/A GENUS CREDIT
MANAGEMENT CORP.

By: _____
Etta Money, President


INCHARGE INSTITUTE OF AMERICA,
INC.

By: _____
Etta Money, President


COUNSEL FOR NATIONAL CREDIT
COUNSELING SERVICES, INC. (F/K/A
GENUS CREDIT MANAGEMENT
CORPORATION) AND INCHARGE
INSTITUTE OF AMERICA, INC.:

By: _____
Dwight W. Stone, II
WHITEFORD TAYLOR PRESTON LLP
Suite 1500
7 St. Paul St.
Baltimore, MD 21202-1636
(410) 347-8750

33

# EXHIBIT A

## ESCROW AGREEMENT

This Escrow Agreement (the "Escrow Agreement") is entered into as of March 10, 2011 by and among National Credit Counseling Services, Inc. (f/k/a Genus Credit Management Corporation) and InCharge Institute of America, Inc. (collectively the "Settling Respondents"), Named Claimants, their counsel and Class Counsel on behalf of the Certified Class (collectively "Class Counsel") and G. Oliver Koppell and Dwight W. Stone, II as co-escrow agents (the "Escrow Agents").

### RECITALS

WHEREAS, Settling Respondents and Class Counsel entered into the Settlement Agreement dated March 10, 2011, the terms and intent of which is to settle and resolve all claims alleged in the *Class Arbitration Complaint* against Settling Respondents and all other defined released parties (the "Settlement Agreement");

WHEREAS, all capitalized terms not defined herein shall have the meaning and definition assigned in the Settlement Agreement;

WHEREAS, pursuant to the terms of Paragraph 23 of the Settlement Agreement, which terms are expressly incorporated herein by reference, the above parties enter into this Escrow Agreement in order to create a depository for the Escrow Funds once the Preliminary Approval Order is issued by the Arbitrator, and to have the Escrow Agents carry out and effectuate the applicable terms of the Settlement Agreement.

NOW, THEREFORE, the parties hereto agree as follows:

SECTION 1.   Appointment of Co-Escrow Agents

Settling Respondents and Class Counsel agree to the appointment of G. Oliver Koppell and Dwight W. Stone, II as Escrow Agents to act on the terms and conditions set forth herein, which Escrow Agents accept the appointment on the terms and conditions set forth in this Escrow Agreement.  The Escrow Agents have agreed to serve without fee.

SECTION 2.   Escrow Funds.

Settling Respondents shall deliver to the Escrow Agents four million dollars ($4,000,000.00) in immediately available funds (the "Escrow Funds") pursuant to Paragraph 21 of the Settlement Agreement, within five (5) business days of entry of the Preliminary Approval Order by the Arbitrator.  The Escrow Agents shall deposit the Escrow Funds immediately into an escrow account (the "Escrow Account") established for such purpose to be held and administered separate and apart from all other accounts, in accordance with the terms of the Settlement Agreement and this Escrow Agreement.

SECTION 3.   Investment of Escrow Funds.

1

(a)    The Escrow Agents shall invest and reinvest the Escrow Funds in short or mid-term United States Agency or Treasury securities (or a fund invested solely in such instruments) or other similar short to mid-term United States government obligations guaranteed by the full faith and credit of the United States of America.  The Escrow Agents shall receive and furnish counsel for Settling Respondents and Class Counsel with monthly statements reporting deposits made, interest earned, and disbursements made from the Escrow Account during the prior calendar month.  Following the Settlement Effective Date, said monthly statement shall be furnished solely to Class Counsel.

(b)    All interest on, or other income realized by investment of, the Escrow Funds in the Escrow Account, or any portion thereof, as permitted pursuant to subjection (a) of this Section, shall be accumulated and added to the Escrow Funds and shall be distributed as part of the Escrow Funds as set forth in Section 4 hereof.  The Escrow Agents shall not be liable for any losses resulting from any depreciation in the market value of any such investments (unless the loss is attributable to a failure to adhere to the investment limitations defined in subsection (a) of this Section).

SECTION 4.   Release of Escrow Funds.

The Escrow Agents shall disburse or cause to be disbursed through the Administrator, the Escrow Funds as set forth below:

(a) Following receipt of the Preliminary Approval Order, the Escrow Agents shall disburse or cause to be disbursed from the Escrow Account monies to pay the following costs and expenses:

(i)    for payment of reasonable expenses incurred or to be incurred in connection with providing notice of the settlement to the Certified Class and for related settlement administration, including the fees charged by the Administrator.  Such payments shall be made only in accordance with an Award or order entered by the Arbitrator, or non-appealable Order of the Maryland District Court as provided in the Settlement Agreement; and

(ii)    for payment of taxes, estimated taxes, and tax-related fees and expenses, including accounting and tax preparation, if any are required for the Escrow Account.

With respect to disbursements made pursuant to Section 4 of this Escrow Agreement, Escrow Agents shall be entitled to rely on written directions received from the Arbitrator and shall have no responsibility to ensure that such directions are in accordance with the Settlement Agreement or this Escrow Agreement.

(b)    After entry of the Final Award Approving Partial Settlement of Class Arbitration Settlement, and the Settlement Effective Date, the Escrow Agents shall disburse or cause to be disbursed:

(i)    To Class Counsel and Named Claimants' counsel, attorneys' fees and costs approved by the Arbitrator;

2

        (ii)     To Named Claimants' Counsel, on behalf of the Named Claimants, the Incentive Payments approved by the Arbitrator; and

        (iii)    To the Administrator, the Net Escrow Funds for distribution to the Settlement Claimants in accord with the terms of the Settlement Agreement and the Final Award Approving Partial Settlement of Class Arbitration Settlement and for payment of any non-reimbursed expenses of the Administrator.

        (c)     After dispersal of all funds in the Escrow Account, the Escrow Agents shall take all steps necessary to close the Escrow Account.

        (d)     Following receipt of either (i) written notice signed by Class Counsel and counsel for Settling Respondents stating that the settlement embodied in the Settlement Agreement has not been materially approved by the Arbitrator or has been cancelled, terminated or has otherwise become null and voice for any reason; or (ii) a final order of the Arbitrator or Maryland District Court so directing, the Escrow Agents shall disburse or cause to be disbursed, the Escrow Account, including any accrued income, to Settling Respondents (less amounts paid from the Escrow Account pursuant to Section 4).

SECTION 5.  Qualified Settlement Fund.

        (a)     Each of the parties to this Escrow Agreement intends that the Escrow Account be treated as a "qualified settlement fund" for federal income tax purposes pursuant to Treas. Reg. Sec. 1,468B-1, and to that end the parties hereto shall cooperate with each other and shall not take any position in any filing or before any tax authority that is inconsistent with such treatment. Following issuance of the Preliminary Approval Order by the Arbitrator, the Escrow Agents shall cause a "relation back election" as described in Treas. Reg. Sec. 1,468B-1(j) to be made so as to enable the Escrow Account to be treated as a qualified settlement fund from the earliest date possible, and the Escrow Agents shall take all actions as may be necessary or appropriate to this end.

        (b)     The Escrow Agents shall pay taxes or estimated taxes on interest on or income earned by the Escrow Funds and the Escrow Account, and all related professional fees and expenses, from the Escrow Account as provided in Section 3 hereof and as directed by the certified public accounting firm retained as described below, after issuance of the Preliminary Approval Order by the Arbitrator and whether or not the Settlement Effective Date has occurred.  In the event federal or state income tax liability, interest, or penalties are finally assessed against and paid by the Claimants, the Certified Class, Claimants' counsel or Class Counsel as a result of income earned by the Escrow Funds, they shall be entitled to reimbursement of such payment from the Escrow Funds, in an amount that will make them whole on an after-tax basis, within ten (10) business days after written request to the Escrow Agents, a copy of which shall be provided simultaneously to counsel for Settling Respondents, whether or not the Settlement Effective Date has occurred.  The Escrow Agents shall arrange for tax reporting regarding the Escrow Funds and Escrow Account and are authorized to retain a certified public accounting firm, whose fees and expenses are to be borne by the Escrow Funds, for that purpose.

SECTION 6.  Termination of Escrow Agents.

This Escrow Agreement (other than the Escrow Agents' right to indemnification in connection with any Loss incurred prior to the Final Award Approving Partial Settlement of Class Arbitration, set forth in Section 7 of this Escrow Agreement) shall terminate when the Escrow Agents shall have released from the Escrow Account all amounts pursuant to Section 4 hereof.

SECTION 7.    Escrow Agents.

(a)    The Escrow Agents shall have no duty or obligation hereunder other than to take such specific actions as are required of them from time to time under the provisions of this Escrow Agreement and shall incur no liability hereunder or in connection herewith other than as a result of their own default, negligence or breach of the terms of this Agreement. The Escrow Agents shall not be bound in any way by any agreement or contract between Settling Respondents and Class Counsel (whether or not the Escrow Agents have knowledge thereof) and the only duties and responsibilities of the Escrow Agents shall be to hold and invest the Escrow Funds and the Escrow Account in the manner set forth in this Escrow Agreement and the Settlement Agreement and to disburse or cause to be disbursed, and release such Escrow Funds in accordance with the terms of this Escrow Agreement and the Settlement Agreement.

(b)    The Escrow Agents serving in that capacity shall not be responsible in any manner for the validity or sufficiency of any property delivered hereunder, or for the value or collectability of any note, check or other instrument so delivered, or of any representations made or obligations assumed by any party other than the Escrow Agents. Nothing herein shall be deemed to obligate the Escrow Agents to deliver any cash, instruments, documents or any other property referred to herein, unless the same shall have been first received by the Escrow Agents pursuant to the terms of this Escrow Agreement.

(c)    The Escrow Agents shall be entitled to be held harmless by Settling Respondents and Class Counsel, with such funds to be paid from the Escrow Funds and/or Escrow Account, against any claim, loss, liability or expense, including but not limited to reasonable attorneys' fees, incurred which are not the result of default, negligence or breach of the terms of this Escrow Agreement on the part of the Escrow Agents that arises out of their acceptance of or the performance of their duties and obligations under this Escrow Agreement, as well as the costs and expenses of defending against any claim of such liability ("Loss"), but only to the extent of the Escrow Funds in the escrow account and further limited to the amount of costs or expenses approved by the Arbitrator and received from the Escrow Funds. Settling Respondents, Claimants and the Certified Class waive any claim, suit, demand or cause of action of any kind that it may have or assert against the Escrow Agents except to the extent that such claim, suit, demand or cause of action is based upon the default, negligence or breach of the terms of this Escrow Agreement on the part of the Escrow Agents that arises out of their acceptance of or the performance of their duties and obligations under this Escrow Agreement.

4

(d)    The Escrow Agents shall be fully protected in acting on and relying upon any written notice, direction, request, waiver, consent, receipt or other paper that the Escrow Agents reasonably and in good faith believe to have been signed and presented by the proper party or parties. The Escrow Agents may consult with legal counsel in the event of any dispute or question as to the construction of any of the provisions of this Escrow Agreement or their duties hereunder, and the Escrow Agents shall be fully protected in acting on and relying upon the opinions and instructions of their counsel.

(e)    The parties agree that, should any dispute arise with respect to the payment, ownership or right of possession of any amounts in the Escrow Account, the Escrow Agents are authorized and directed to retain in their possession or control, without liability to anyone except in the event of their default, negligence or breach of the terms of this Escrow Agreement, all or any part of the Escrow Funds or Escrow Account until such dispute shall have been settled either by mutual agreement of the parties concerned, or by a final order, award, decree or judgment of the Arbitrator or other tribunal of competent jurisdiction in the United States. Nothing in the foregoing shall be construed to require the Escrow Agents to institute, defend or become a party to any proceeding in any proceeding before the Arbitrator or other tribunal (but the Escrow Agents are likewise permitted to do so if they deem such action appropriate). In the event Escrow Agents file a suit in interpleader, they shall thereupon by fully released and discharged from all further obligations to perform any and all duties or obligations imposed upon them by this Escrow Agreement.

(f)    The Escrow Agents may seek removal or be removed from this Escrow Agreement at any time and thereby become discharged from the obligations hereby created subsequent to the date of discharge, by notice in writing given to the Arbitrator, the Escrow Agents, counsel for Settling Respondents and Class Counsel not less than ten (10) business days before such removal is to take effect. The Escrow Agents may resign at any time by giving written notice of resignation to the other parties hereto, but such resignation shall not become effective until successor Escrow Agents have been appointed by the Arbitrator. If an instrument of acceptance by successor Escrow Agents shall not have been delivered to the Escrow Agents within ten (10) business days after the giving of such notice of resignation, the resigning Escrow Agents may petition the Arbitrator for the appointment of successor Escrow Agents (any costs incurred by the Escrow Agents in connection with any such petition to be assessed against the Escrow Funds).

SECTION 8.  Miscellaneous.

(a)    Notices.  All notices under this Escrow Agreement shall be in writing, and each notice shall be given either by (a) hand delivery; (b) e-mail; or (c) Federal Express or similar overnight courier and, in each case, shall be addressed to the parties hereto in care of their counsel at the addresses set forth below or such other addresses as such parties may designate, from time to time, by giving notice to all parties hereto in the manner described in this paragraph.

5

(b)    Successors and Assigns.  The provisions of this Escrow Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

(c)    Governing Law.    This Escrow Agreement shall be construed in accordance with and governed by the laws of the State of Maryland without regard to its conflicts of law rules, provided, however, that with respect to federal tax matters, this Escrow Agreement shall be governed and interpreted according to Federal Law.

(d)    Jurisdiction and Venue.    The parties hereto irrevocably and unconditionally submit to the jurisdiction of the Arbitrator, in the first instance, and the United States District Court for the District of Maryland for purposes of any suit, action or proceeding to enforce any provision of, or based on any right arising out of, this Escrow Agreement, and the parties hereto agree not to commence any such suit, action or proceeding except as before the Arbitrator.  The parties hereto hereby irrevocably and unconditionally waive any objection to the laying of venue of any such suit, action or proceeding in the Arbitration and hereby further irrevocably waive and agree not to plead or claim in the Arbitration that any such arbitration, suit, action or proceeding has been brought in an inconvenient forum.

(e)    Definitions.    Terms used herein that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Escrow Agreement as defined in the Settlement Agreement.

(f)    Amendments.  This Escrow Agreement may be amended only by written instrument executed by all parties hereto.  The waiver of any rights conferred hereunder shall be effective only if made by written instrument executed by the waiving party.  The waiver by any party of any breach of this Escrow Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous, to this Escrow Agreement.

(g)    Counterparts; Effectiveness.  This Escrow Agreement may be signed in any number of counterparts, each of which shall be an original, with the same effect as if the signatures thereto and hereto were upon the same instrument.    This Escrow Agreement shall become effective when each party hereto shall have signed a counterpart hereof.  Delivery by email or facsimile of a signed agreement shall be deemed delivery for purposes of acknowledging acceptance hereof; however, an original executed signature page must promptly thereafter be appended to this Escrow Agreement, and an original executed agreement shall promptly thereafter be delivered to each party hereto.

(h)    Captions.  The captions herein are included for convenience of reference only and shall be ignored in the construction and interpretation hereof.

(i)    No Conflict Intended.  It is intended that this Escrow Agreement does not conflict with any term of the Settlement Agreement, but to extent any such conflict exists, all conflicts shall be resolved in favor of the Settlement Agreement.

6

IN WITNESS WHEREOF, the parties have executed this Escrow Agreement as of the date that appears first herein above written.

CLAIMANTS

By: _____
G. Oliver Koppell, Esq. (Class Counsel)

SETTLING RESPONDENTS

National Credit Counseling Services, Inc.          InCharge Institute of America, Inc.
 f/k/a Genus Credit Management Corp.

By: _____          By: _____
Etta W. Money, President                       Etta W. Money, President

ESCROW AGENTS:

By: _____          By: _____
        G. Oliver Koppell                            Dwight W. Stone, II

IN WITNESS WHEREOF, the parties have executed this Escrow Agreement as of the date that appears first herein above written.

CLAIMANTS

By: _____
G. Oliver Koppell, Esq. (Class Counsel)

SETTLING RESPONDENTS

National Credit Counseling Services, Inc.        InCharge Institute of America, Inc.
  f/k/a Genus Credit Management Corp.


By: _____        By: _____
Etta W. Money, President        Etta W. Money, President



ESCROW AGENTS:

By: _____        By: _____
    G. Oliver Koppell        Dwight W. Stone, II

7

IN WITNESS WHEREOF, the parties have executed this Escrow Agreement as of the date that appears first herein above written.

CLAIMANTS

By: _____
G. Oliver Koppell, Esq. (Class Counsel)

SETTLING RESPONDENTS

National Credit Counseling Services, Inc.          InCharge Institute of America, Inc.
 f/k/a Genus Credit Management Corp.

By: _____                          By: _____
Etta W. Money, President                            Etta W. Money, President

ESCROW AGENTS:

By: _____                          By: _____
     G. Oliver Koppell                                  Dwight W. Stone, II

7

IN WITNESS WHEREOF, the parties have executed this Escrow Agreement as of the date that appears first herein above written.

CLAIMANTS

By: _____
G. Oliver Koppell, Esq. (Class Counsel)

SETTLING RESPONDENTS

National Credit Counseling Services, Inc.          InCharge Institute of America, Inc.
    f/k/a Genus Credit Management Corp.

By: _____                      By: _____
Etta W. Money, President                           Etta W. Money, President

ESCROW AGENTS:

By: _____                      By: _____
    G. Oliver Koppell                                   Dwight W. Stone, II

7

## IN THE AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| LAVERNE JONES, STACEY NESS and KERRY NESS, *individually and on behalf of all others similarly situated,*<br><br>      Claimants,<br><br>          vs.<br><br>GENUS CREDIT MANAGEMENT CORPORATION, f/k/a NATIONAL CREDIT COUNSELING SERVICES, AMERICAN FINANCIAL SOLUTIONS, NORTH SEATTLE COMMUNITY COLLEGE FOUNDATION, INCHARGE INSTITUTE OF AMERICA, INC., AMERIX CORPORATION, 3C INCORPORATED d/b/a CAREONE CREDIT COUNSELING, FREEDOMPOINT CORPORATION, FREEDOMPOINT FINANCIAL CORPORATION, ASCEND ONE CORPORATION and BERNARD DANCEL<br><br>      Respondents. | Case No. 11 181 00295 05 |

### FINAL AWARD APPROVING
### PARTIAL SETTLEMENT OF CLASS ARBITRATION

This class arbitration (the "Arbitration") having come before Arbitrator Donald H. Green (the "Arbitrator") for a hearing, as noticed, on June 27, 2011 with respect to the settlement between Named Claimants and the Certified Class (collectively "Claimants"), and Respondents National Credit Counseling Services, Inc. (f/k/a Genus Credit Management Corporation) and InCharge Institute of America, Inc. (collectively the "Settling Respondents" and collectively with Claimants, the "Settling Parties"), pursuant to the Order Preliminarily Approving Proposed Partial Settlement of Class Arbitration dated _____ (the "Preliminary Approval Order"), to consider and determine the matters set forth in the Preliminary Approval Order; and due notice of the

Fairness Hearing having been given; and all Certified Class members and other persons having objections to the Settling Parties' proposed settlement (the "Settlement") set forth in the Settlement Agreement, dated March 10, 2011 (the "Settlement Agreement"), and described in the Notice approved by the Arbitrator and distributed to the Certified Class members, having been given an opportunity to present such objections to the Arbitrator; and all Certified Class members having been given an opportunity to request exclusion from the Settlement; and the Arbitrator having considered the matter in accordance with Rule 8 of the American Arbitration Association ("AAA") *Supplementary Rules for Class Arbitrations*, including all papers filed in connection therewith, and the oral presentations of counsel and other interested parties at the Fairness Hearing; and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

   1.  This Arbitrator and the AAA have jurisdiction over the subject matter of this Arbitration and over all of the parties and Certified Class members who have not requested exclusion from the Certified Class.

   2.  This Arbitrator hereby confirms its Preliminary Approval Order and its approval of the Settlement Agreement.

   3.  The Settlement Agreement and the Settlement set forth therein are hereby approved and confirmed as fair, adequate and reasonable, and in the best interests of the Certified Class and satisfy Rule 8 of the AAA *Supplementary Rules For Class Arbitrations*.

4.     The Settlement was not the product of collusion between the Settling Parties or their respective counsel, but rather was the result of *bona fide* and arms-length negotiations conducted in good faith by the Settling Parties and their counsel.

5.     The Arbitrator finds that the Named Claimants and Class Counsel have represented the Certified Class and Settlement Claimants with respect to the Settlement adequately to satisfy the requirements of due process and Rule 8 of the AAA *Supplementary Rules For Class Arbitrations* and that Class Counsel and the Named Claimants have fairly and adequately represented the Certified Class with respect to the Settlement and satisfied all other criteria for final approval of the Settlement.

6.     The definition of the Certified Class set forth in the May 7, 2009 *Class Determination Award and Rulings on Summary Judgment Motions* is clarified and/or modified in the manner agreed by the Settling Parties in Paragraphs 2 and 48 of the Settlement Agreement, and in accordance with Rule 8 of the AAA Supplementary Rules for Class Arbitrations.  Upon entry of this Final Award Approving Partial Settlement of Class Arbitration, the Certified Class shall be defined as follows:

> All persons in the United States and its territories who, between January 1, 1998 and May 7, 2009, enrolled in a Debt Management Plan or similar program created, advertised, administered or serviced by Respondents or any of them, or any entity sharing common ownership with any Respondent, provided those persons have entered into contracts with arbitration provisions similar to or the same as those entered into by the named class representatives.

It is intended that the class certified in the May 7, 2009 *Class Determination Award and Rulings on Summary Judgment Motions*, and confirmed by the Maryland District Court, shall remain unchanged in all respects concerning the claims certified against all Non-Settling Respondents.

7.    The Notice approved by this Arbitrator was the best practicable notice under the circumstances and complied in all respects with due process and Rule 8 of the AAA *Supplementary Rules For Class Arbitrations*.

8.    Distribution of the Notice to the Certified Class was performed in the manner approved by this Arbitrator in the Preliminary Approval Order by mailing the Notice to Certified Class members, by issuing the Notice by press release, and by posting the Notice on an Internet website established and maintained by the Arbitrator-approved Administrator. Accordingly, the manner of distribution of the Notice complied with due process and Rules 6 and 8 of the AAA *Supplementary Rules For Class Arbitrations*.

9.    Due and adequate notice having been given to the Certified Class, and a fair, reasonable and adequate opportunity having been offered to the Certified Class members to request exclusion from the Settlement, submit objections, to submit Proofs of Claim and to participate in the hearing to consider approval of the Settlement (the "Fairness Hearing"), Settlement Agreement and Class Counsel's request for the payment of attorneys' fees and reimbursement of expenses (the "Fee Petition"), it is hereby determined that all Certified Class members who have not submitted a valid request for exclusion from the Settlement are bound by this Final Award Approving Partial Settlement of Class Arbitration.

10.    The Arbitrator hereby directs consummation of the Settlement Agreement pursuant to its terms, and upon this Final Award Approving Partial Settlement of Class Arbitration receiving Final Approval as defined in Paragraph 9 of the Settlement Agreement, directs the Arbitrator-approved Escrow Agents to direct and distribute payment of the Net Escrow Funds remaining in the Escrow Account as set forth in the

Settlement Agreement and this Final Award Approving Partial Settlement of Class Arbitration.

11.    All Settlement Claimants who timely submitted valid Proofs of Claim shall receive *pro-rata* distributions of the Net Escrow Funds from the Administrator, after payments of Arbitrator-approved costs, expenses and attorneys' fees, in the manner set forth in the Settlement Agreement. The plan of allocation set forth in the Settlement Agreement for the calculation and distribution of the Settlement proceeds to valid Settlement Claimants is approved as fair and reasonable.

12.    Upon this Final Award Approving Partial Settlement of Class Arbitration receiving Final Approval as defined in Paragraph 9 of the Settlement Agreement, without any further action by anyone, all Certified Class members, for good and sufficient consideration, shall be deemed to have released and forever discharged the Released Claims against the Released Genus Parties as those terms are defined in the Settlement Agreement.

13.    All Certified Class members are hereby severally and permanently barred and enjoined from claiming, filing, commencing, instituting, maintaining, prosecuting and/or participating in a lawsuit, arbitration, putative class arbitration or class litigation, or any other proceeding against Settling Respondents or any other Released Genus Parties involving or based on any Released Claim, as set forth in Paragraphs 51 and 52 of the Settlement Agreement. The *Class Arbitration Complaint* is hereby dismissed on the merits and with prejudice as against the Released Genus Parties. This Final Award shall not in any way be interpreted or applied to release or dismiss any claims in this arbitration against Respondents Amerix Corporation, 3C Incorporated d/b/a CareOne

Credit Counseling, FreedomPoint Corporation n/k/a CareOne Services, Inc., FreedomPoint Financial Corporation, Ascend One Corporation, Bernaldo Dancel or any family member of Bernaldo Dancel.

14.    The application of Class Counsel for an award of attorneys' fees in the amount of $_____ is granted and is found to be fair and reasonable. The approved attorneys' fees for Class Counsel shall be paid to Class Counsel from the Settlement Proceeds paid by Settling Respondents and held in the Escrow Account in accordance with Paragraph 57 of the Settlement Agreement. Any disputes among Class Counsel, or current or former counsel for the Certified Class or any Claimant(s), concerning distribution of the attorneys fees approved by this Final Award Approving Partial Settlement of Class Arbitration shall resolved by this Arbitrator and in accordance with a briefing schedule to be entered by the Arbitrator, in accordance with Paragraph 59 of the Settlement Agreement.

15.    The application of Class Counsel for the reimbursement of expenses in the amount of $_____ is granted and is found to be fair and reasonable. The approved reimbursement of costs and expenses to Class Counsel shall be paid to Class Counsel from the Settlement Proceeds paid by Settling Respondents and held in the Escrow Account, in accordance with Paragraph 58 of the Settlement Agreement. Any disputes among Class Counsel concerning distribution of the reimbursement of costs and expenses approved by this Final Award Approving Partial Settlement of Class Arbitration shall resolved by this Arbitrator, in accordance with Paragraph 59 of the Settlement Agreement.

16.     The application for incentive awards to the Named Claimants in the amount of $7,500.00 each and to the representative(s) of the estate of former and deceased claimant Mary Rawlings in the amount of $2,500.00 each is granted and is found to be fair and reasonable.  Such incentive awards are to be paid to from the Settlement Proceeds paid by Settling Respondents held in the Escrow Account.

17.     The application for payment of the invoices submitted by the Arbitrator-approved Administrator, to the extent not previously paid, totaling $ _____ is approved and shall be paid to the Administrator from the Settlement Proceeds paid by Settling Respondents and held in the Escrow Account.

18.     Terms used in this Final Award Approving Partial Settlement of Class Arbitration that are defined in the Settlement Agreement are, unless otherwise defined herein, used herein as defined in the Settlement Agreement.

19.     Upon entry of this Final Award Approving Partial Settlement of Class Arbitration, each and every term and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of a Final Award of the Arbitrator and the AAA.

20.     Without in any way affecting the finality of this Final Award Approving Partial Settlement of Class Arbitration, this Arbitrator hereby retains exclusive jurisdiction, subject matter jurisdiction, personal jurisdiction and ancillary jurisdiction over the Arbitration, the Settling Parties, the Certified Class and the Settlement Claimants for the purposes of implementing and enforcing the terms of the Settlement Agreement and this Final Award Approving Partial Settlement of Class Arbitration, including the

administration of the Settlement as well as all matters relating to the terms of this Final Award Approving Partial Settlement of Class Arbitration.

21.    Without further order or award of the Arbitrator, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

SO ORDERED this ____ day of _____, 2011.


_____
Donald H. Green, Arbitrator
American Arbitration Association

# EXHIBIT C

In The American Arbitration Association

Laverne Jones, el al., Claimants                         Case No.: 11 181 00295 05

v.

Genus Credit Management Corporation, et al., Respondents.

## NOTICE OF PARTIAL CLASS ARBITRATION SETTLEMENT

**Your Rights May Be Affected By How You Respond Or Fail To Respond To This Notice. If You Enrolled In A Debt Management Agreement With Genus Credit Management Corporation or American Financial Solutions You May Be Entitled To Receive Money From A Class Action Settlement.**

### An Arbitrator has approved this Notice. This is Not a Solicitation from a Lawyer.

### You May Have Received A Prior Notice About this Arbitration

On May 7, 2009, a class arbitration was certified by Arbitrator Donald H. Green of the American Arbitration Association in this matter. In March 2010, a Notice was sent to all members of the certified class notifying them about this arbitration, the Arbitrator's class certification decision and their right to exclude themselves from the certified class. That Notice may also have described a settlement with two of the nine original Respondents in the arbitration, and how some class members could file claims to receive money as part of that partial settlement. This Notice describes a different settlement with two of the remaining seven Respondents, Genus Credit Management Corporation ("Genus") and InCharge Institute of America, Inc. ("ICI"), and your rights related to this settlement.

### What Is The Case About?

The Complaint filed in this arbitration alleges that Respondents, including Genus and ICI, were directly or indirectly participating in debt management and/or credit counseling operations or were affiliated with companies who did so engage. The Complaint alleges violations of consumer protection laws based on allegedly false and misleading statements about debt management plans or programs ("DMPs") created, advertised, sold, administered or serviced by any of the Respondents, including the DMP benefits and claims that DMPs improve credit, credit ratings, credit histories or credit scores without providing required disclosures. Genus and ICI believe that they acted lawfully at all times, deny that they violated any laws or did anything wrong and contend that they are not liable to the class.

### Why Did I Get This Notice?

You were mailed this Notice because Respondents' records show that you are a member of the certified class. Therefore, you are entitled to submit a claim to receive money from the proposed settlement with Genus and ICI. You may also seek exclusion from or object to the settlement, as described below.

### Who Is Eligible to Participate in the Settlement with Genus and ICI?

To participate in the settlement with Genus and ICI, you must be a member of the class certified by the Arbitrator, and defined as follows:

> All persons in the United States and its territories who, between January 1, 1998 and May 7, 2009, enrolled in a Debt Management Plan or similar program created, advertised, administered or serviced by Respondents or any of them, or any entity sharing common ownership with any Respondent, provided those persons have entered into contracts with arbitration provisions similar to or the same as those entered into by the named class representatives.

If you received this Notice by mail, it is believed you satisfy the conditions to file a claim to receive money from the settlement with Genus and ICI. If you are not sure if you are eligible to participate in the settlement with Genus and ICI, you may contact the Settlement Administrator by telephone or email (as indicated below).

## What Are The Principle Terms Of The Settlement With Genus and ICI?

Genus and ICI have collectively agreed to pay four million dollars ($4,000,000.00) (the "Settlement Fund"). In exchange for that payment, claimants and all class members who do not request exclusion from the settlement by -----, 2011, will forever release Genus, ICI and certain related entities from all claims brought in this arbitration and all claims relating to the same asserted wrongful actions. The Settlement Agreement was signed on March __, 2011 and has been preliminarily approved by the Arbitrator. It is available for review on the settlement website, www._____. The settlement requires final approval by the Arbitrator. If finally approved, this arbitration will be dismissed as to Genus and ICI and payments will be made to class members who submit valid claim forms by -----, 2011.

Claimants have not settled their claims or the claims of the certified class made in this Arbitration against the remaining five respondents who have not settled. This arbitration will continue against them.

## How Will Payments from the Settlement Fund be Made?

Class members must file a Claim Form by ----, 2011 to receive a payment from the Settlement Fund. All class members who submit valid claim forms will receive an equal share of the Settlement Fund after payment of the Arbitrator-approved attorneys' fees and costs.

## Who Represents The Class?

The Arbitrator designated the firms of G. Oliver Koppell & Associates, Tusa, P.C., and Jack Sando, Esq. (collectively "Class Counsel") to represent the Class. No class member will be charged a fee by Class Counsel. Class Counsel will request a fee equal to one-third (33.33%) of the Settlement Fund and to be reimbursed for their expenses in prosecuting the arbitration for Claimants and the certified class. If you do not want Class Counsel to represent you in the settlement with Genus and ICI, you may hire your own lawyer at your own expense.

## What Are My Legal Options And Rights?

1.    To Receive Money From The Settlement. **To receive money from the settlement with Genus and ICI, you must be eligible to participate in the Settlement and submit a completed Proof of Claim form.** The Claim Form is also available at www._____.com. The Claim Form can be submitted by mailing a completed form to the Settlement Administrator at the following address:

**SETTLEMENT ADMINISTRATOR**
**C/O STRATEGIC CLAIMS SERVICES**
**600 N. JACKSON STREET, SUITE 3**
**MEDIA, PA 19063**

Instead of mailing a Claim Form, class members may complete and file Claim Forms electronically on the settlement website www._____. Please submit only one Claim Form for each DMP.

**Claim Forms must be postmarked or submitted by _____ to be valid.**

2.    To Exclude Yourself From the Settlement. You have the option to exclude yourself from the settlement with Genus and ICI. If you exclude yourself from the settlement, your claims against Genus and ICI will not be released, but you will not be eligible to receive a payment from the Settlement Fund. To request exclusion, you must send a letter to the Administrator requesting to be "excluded" from the settlement with Genus and ICI. The letter must

include the following information: i) the title of this arbitration: *Jones v. Genus Credit Mgt. Corp.*; ii) your full name and address; and iii) your signature; and iv) your Genus DMP account number (if known).

**Exclusion requests must be postmarked by _____ to be valid.**

3.    To Comment On Or Object To The Settlement. If you do not request exclusion, you may comment in favor or opposition to the Settlement, or to Class Counsel's request for attorneys' fees. Objections to the settlement must be in writing, sent to the Administrator, and include the following information: i) the title of this arbitration: *Jones v. Genus Credit Mgt. Corp.*; ii) your full name and address; iii) your signature or the signature of your legal representative; iv) your Genus DMP account number (if known); and v) a detailed description of each reason you are objecting to the settlement with Genus and ICI, along with citations to any supporting authorities.

**Comments or Objections must be postmarked by _____ to be valid.**

4.    To Do Nothing. If you do nothing and the settlement with Genus and ICI is approved, you will forever release your claims against Genus and ICI in this arbitration. If you do not complete and submit a Claim Form, you will not receive a payment from the Settlement Fund. All class members will maintain their claims in this arbitration against the five respondents who have not settled with Claimants and the certified class.

### When Is The Hearing To Consider Final Approval Of The Settlement?

The Arbitrator will hold a Fairness Hearing at the offices of Pepper Hamilton LLP, 600 14th St. N.W., Washington DC 20005 on _____, 2011 to decide whether to approve the settlement with Genus and ICI and whether to approve Class Counsel's request for the payment attorneys' fees and costs. Class members or their attorneys may appear at this hearing, but do not have to. If you submit a written objection to the settlement with Genus and ICI, the Arbitrator will consider your objection whether or not you attend the Fairness Hearing. If a class member or his or her attorney intends to attend the Fairness Hearing, written notice must be provided to the Administrator.

**Notices to attend the Fairness Hearing must be postmarked by _____ to be valid.**

### How Can I Obtain More Information?

For more information about the settlement with Genus and ICI, or this arbitration generally, or to view the Settlement Agreement, you may call the Administrator toll-free at (888) 308-4791 or visit the settlement website www._____, or visit the page of AAA's website concerning this arbitration at www.adr.org/sp.asp?id=29365. Please do not contact the AAA or the Arbitrator.

### What Is the Administrator's Mailing Address?

Completed Proof of Claim forms, exclusion requests, comments and objections to the settlement with Genus and ICI and notice to appear at the Fairness Hearing should be mailed to the Administrator at:

**SETTLEMENT ADMINISTRATOR**
**C/O STRATEGIC CLAIMS SERVICES**
**600 N. JACKSON STREET, SUITE 3**
**MEDIA, PA 19063**

## PROOF OF CLAIM FORM

In order to receive a payment from the settlement funds paid by respondents Genus Credit Management Corporation ("Genus") and InCharge Institute of America, Inc. ("ICI") you must be a member of the class certified in this arbitration. In addition, you must complete, sign and mail this Claim Form to the Settlement Administrator at the following address:

**SETTLEMENT ADMINISTRATOR**
**C/O STRATEGIC CLAIMS SERVICES**
**600 N. JACKSON STREET, SUITE 3**
**MEDIA, PA 19063**

Instead of mailing a completed Claim Form, eligible class members may complete and file claim forms electronically on the settlement website: www._____. PLEASE COMPLETE ONLY 1 CLAIM FORM FOR EACH DMP.

You may direct questions about this Claim Form to the Settlement Administrator at www._____.com or by telephone by calling (888) 308-4791.

**Claim Forms must be postmarked or submitted by _____ to be valid.**

Please correct any information that appears in the left column that is no longer valid:

| | |
|---|---|
| 1. Last Name: [preprinted]<br>First Name: [preprinted] | 1. Corrections |
| 2. Current Address: [preprinted] | 2. Corrections |
| 3. Last Address When Enrolled in Genus DMP: [preprinted] | 3. Corrections |
| 4. Genus DMP Account Number: [preprinted] | 4. Corrections |

5.    Current E-mail Address (optional):

(we may use to resolve questions about this claim)

6.  **Telephone Number (optional):**

(we may use to resolve questions about this claim)

IF YOU HAVE REQUESTED EXCLUSION FROM THE CLASS CERTIFIED IN THIS ARBITRATION OR THE SETTLEMENT WITH GENUS AND ICI, YOU MAY NOT SUBMIT A PROOF OF CLAIM AND YOU WILL NOT RECEIVE A PAYMENT FROM THIS CLASS ACTION SETTLEMENT

Please notify the Settlement Administrator promptly by calling (888) 308-4791 if your e-mail or mailing address or telephone number changes after you submit this Claim Form.

**6. Signature of Class member or Legal Representative [REQUIRED]:**

_____    Date: _____

_____    Date: _____

# EXHIBIT D

IN THE AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| LAVERNE JONES, STACEY NESS and KERRY NESS, *individually and on behalf of all others similarly situated,*<br><br>    Claimants,<br><br>         vs.<br><br>GENUS CREDIT MANAGEMENT CORPORATION, f/k/a NATIONAL CREDIT COUNSELING SERVICES, AMERICAN FINANCIAL SOLUTIONS, NORTH SEATTLE COMMUNITY COLLEGE FOUNDATION, INCHARGE INSTITUTE OF AMERICA, INC., AMERIX CORPORATION, 3C INCORPORTED d/b/a CAREONE CREDIT COUNSELING, FREEDOMPOINT CORPORATION, FREEDOMPOINT FINANCIAL CORPORATION, ASCEND ONE CORPORATION and BERNARD DANCEL<br><br>    Respondents. | Case No. 11 181 00295 05 |

## ORDER PRELIMINARILY APPROVING PROPOSED
## PARTIAL SETTLEMENT OF CLASS ARBITRATION

Upon review and consideration of the Partial Class Arbitration Settlement Agreement, dated March 10, 2011, and the exhibits attached thereto (the "Settlement Agreement"), executed on behalf of Named Claimants and the Certified Class (collectively "Claimants") and on behalf of respondents National Credit Counseling Services, Inc. (f/k/a Genus Credit Management Corporation) and InCharge Institute of America, Inc, (collectively the "Settling Respondents" and collectively with Claimants, the "Settling Parties"), it is hereby ORDERED as follows:

1

1.     This Arbitrator finds that he and the American Arbitration Association (the "AAA") possess jurisdiction over this class arbitration (the "Arbitration"), each of the parties, and the Certified Class.

2.     The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. The Arbitrator finds that the settlement encompassed by the Settlement Agreement (the "Settlement") is sufficiently within the range of reasonableness so that Notice should be distributed in the manner directed by this Order (the "Preliminary Approval Order").

3.     The Arbitrator certified the following class in his *Class Determination Award and Rulings on Summary Judgment Motions* on May 7, 2009::

> All persons in the United States and its territories who, within the time allowed under the statutes of limitation relevant to the claims certified above, enrolled in a Debt Management Plan or similar program created, advertised, administered or serviced by Respondents or any of them, or any entity sharing common ownership with any Respondent, provided those persons have entered into contracts with arbitration provisions similar to or the same as those entered into by the named class representatives.

As further held in the *Class Determination Award and Rulings on Summary Judgment Motions*, Named Claimants are the representatives for the Certified Class and the law firms G. Oliver Koppell and Associates, Whalen & Tusa, P.C. and Jack Sando were certified as Class Counsel.[1]

4.     For the purposes of the Settlement, and in accordance with Rule 8 of the AAA Supplementary Rules for Class Arbitrations, the Settling Parties have agreed that the Certified Class shall be clarified and/or modified in the manner agreed by the Settling

---

[1]     Pursuant to the Order dated February 11, 2011, the law firm of Tusa P.C. substituted for Whalen & Tusa, P.C. for all purposes in this Arbitration, including serving as Class Counsel for the Certified Class.

2

Parties in Paragraph 48 of the Settlement Agreement, which class definition shall incorporate the Class Period and shall be reflected in the Notice distributed to class members as follows:

> All persons in the United States and its territories who, between January 1, 1998 and May 7, 2009, enrolled in a Debt Management Plan or similar program created, advertised, administered or serviced by Respondents or any of them, or any entity sharing common ownership with any Respondent, provided those persons have entered into contracts with arbitration provisions similar to or the same as those entered into by the named class representatives.

It is intended that the class certified in the May 7, 2009 *Class Determination Award and Rulings on Summary Judgment Motions*, and confirmed by the Maryland District Court, shall remain unchanged in all respects concerning the claims certified against all Non-Settling Respondents.

     5.    The Arbitrator has reviewed the proposed Notice of Partial Class Arbitration Settlement (the "Notice") submitted by the Settling Parties, attached as Exhibit C to the Settlement Agreement and hereby orders that the Notice submitted by the Settling Parties is approved, complies with Rule 8(a) of the AAA *Supplementary Rules for Class Arbitration* and shall be distributed in the manner directed by this Order. The approved Notice informs the Certified Class about details of the Settlement among the Settling Parties and the Certified Class members' rights to participate or request exclusion from the Settlement. The Notice is hereby found to be the best practicable notice under the circumstances, and, when completed in compliance with this Order, is deemed to comply with all AAA rules and due process.

     6.    The Settling Parties have prepared and submitted a proposed Escrow Agreement as Exhibit A to the Settlement Agreement, which Escrow Agreement is

hereby approved. Upon entry of this Order, the Settling Parties shall take all necessary action to establish the Escrow Account, which Escrow Account shall be treated as a "qualified settlement fund" for federal income tax purposes pursuant to Treas. Reg. §1.468B-1.

7. The Settling Parties proposed the designation of Dwight W. Stone, II and G. Oliver Koppell as Co-Escrow Agents, which designations are hereby approved. It is further held that the proposed Co-Escrow Agents are deemed to not possess any conflict of interest in serving simultaneously as Co-Escrow Agents and counsel for the Settling Parties. However, should any conflict or potential conflict of interest arise concerning either designated Co-Escrow Agent serving as counsel for the Settling Parties, the Arbitrator shall be notified of the conflict or potential conflict, and shall issue an appropriate order or finding to remedy any conflict or potential conflict.

8. Pursuant to the Paragraph 33 of the Settlement Agreement, the Arbitrator approves payment from the Escrow Account for reasonable costs or expenses owed or payable by the Settling Parties related to the preparation and/or distribution of the Notice approved by this Order, to pay the costs and fees associated with the maintenance of the Escrow Account and to pay the costs for the services provided by the approved Settlement Administrator (the "Administrator").

9. The Settling Parties have jointly designated Strategic Claims Services as the neutral Administrator, which designation is hereby approved, to be responsible for the receipt of all requests for exclusion, objections and the receipt of proofs of claim by Certified Class members who do not seek exclusion from the Settlement. The Administrator shall preserve all requests for exclusion, proofs of claim and any and all

4

other written communications from Certified Class members until further notice by the Arbitrator.

10.     As soon as practicable after entry of this Order, but no later than ten (10) business days after the date of entry hereof, the Administrator shall obtain or establish a website and toll-free telephone number to provide information to and address queries from Certified Class members, as provided in Paragraph 40 of the Settlement Agreement.

11.     As soon as practicable after entry of this Order, but no later than thirty (30) days after the date of entry hereof, the Administrator shall cause copies of the approved Notice to be provided to all Certified Class members.  The Notice shall be distributed by the Administrator to Certified Class members in the following manner:  i) by first class mail to the last known address of all Certified Class members or any updated address obtained by the Settlement Administrator; ii) by press release, which press release shall comprise the Notice, preceded by the following explanation: "On ----, 2011, an American Arbitration Association Arbitrator approved distribution of the following Notice to members of the certified class arbitration described below"; and iii) by posting the Notice on a website established and maintained by the Administrator. Within five (5) business days after distribution of the Notice, the Administrator shall provide the Arbitrator with a sworn affidavit confirming distribution of the Notice in conformity with this Order.

12.     Any Certified Class member who seeks exclusion from the Settlement shall mail a request for exclusion to the Settlement Administrator at C/O Strategic Claims Services, 600 N. Jackson St., Suite 3, Media, PA 19063, on or before _____, 2011.  To request exclusion, a Certified Class member must

5

send a letter to the Administrator requesting to be "excluded" from the settlement with Settling Respondents. The letter must include the following information: i) the title of this arbitration: *Jones v. Genus Credit Mgt. Corp.*; ii) the Certified Class member's full name and address; iii) the Certified Class member's signature; and iv) the Certified Class member's Genus DMP account number (if known).

Within twenty (20) days of the Fairness Hearing, the Administrator shall provide to counsel for all parties and the Arbitrator a list of all Certified Class members who have timely excluded themselves from the Settlement.

13. Any Certified Class member who does not properly and timely mail a request for exclusion as set forth in Paragraph 33 shall be bound by all the terms and provisions of the Settlement Agreement, whether or not such Certified Class member objects to the Settlement, and whether or not such Certified Class member submits a Proof of Claim to receive a payment as a result of the Settlement.

14. Any Certified Class member who wishes to object to the Settlement Agreement or Class Counsel's request for attorneys' fees and request for the reimbursement of expenses shall mail their objection to the Administrator at C/O Strategic Claims Services, 600 N. Jackson St., Suite 3, Media, PA 19063, on or before

_____, 2011. Objections to the settlement must be in writing, sent to the Administrator, and include the following information: i) the title of this arbitration: *Jones v. Genus Credit Mgt. Corp.*; ii) the Certified Class member's full name and address; iii) the Certified Class member's signature or the signature of your legal representative; iv) the Certified Class member's Genus DMP account number (if

6

known); and v) a detailed description of each reason for the objection to the settlement with Genus and ICI, along with citations to any supporting authorities.

Within twenty (20) days prior to the Fairness Hearing, the Administrator shall provide to counsel for the Settling Parties and the Arbitrator copies of all objections received from Certified Class members.

15.     Prior to the Fairness Hearing to consider final approval of the Settlement, the Administrator shall submit to the Arbitrator, or cause to be submitted by Class Counsel, a sworn statement attesting to compliance with this Order, the number of valid claims received from Settlement Claimants, the number of requests for exclusion received from Certified Class members and all objections to the Settlement from Certified Class members.

16.     In order receive a payment from the settlement proceeds, each Certified Class member shall complete a Proof of Claim, attached as Exhibit C to the Settlement Agreement and which Proof of Claim is approved, in either of the following ways:

    (a)     By electronically completing a Proof of Claim form on the website established and maintained by the Administrator in a manner that complies with the federal Electronic Signatures Act; or

    (b)     By mailing a completed Proof of Claim form to the Administrator.

17.     Following receipt of a Proof of Claim made in that manner approved by Paragraph 16, the Administrator will notify the Settlement Claimants of any deficiencies in the their claims, and permit them a reasonable period of time to cure any deficiency, which reasonable time shall be no less than thirty (30) business days after the mailing of

7

the deficiency letter. The Administrator shall retain all correspondence with Certified Class members and Settlement Claimants concerning claims filed and/or denied.

18. Each Settlement Claimant who submits a Proof of Claim shall thereby expressly submit to the jurisdiction of the AAA and the Arbitrator with respect to the claim(s) submitted and shall, subject to Final Approval of this Settlement, be bound by all the terms and provisions of the Settlement Agreement.

19. All Certified Class members who do not submit timely claims, or whose claims are denied as deficient, shall be barred from participating in the distribution of the Settlement proceeds, but otherwise shall be bound by all of the terms and provisions of the Settlement Agreement.

20. Any information received by the Administrator in connection with this Settlement that pertains to a particular Certified Class member or Settlement Claimant, or information contained in a request for exclusion (other than the identity of the person requesting exclusion), shall not be disclosed to any other person or entity other than counsel for the parties, the Arbitrator or the AAA.

21. A hearing on final settlement approval (the "Fairness Hearing") is hereby scheduled to be held before the undersigned on June 27, 2011, at the offices of Pepper Hamilton, LLP, 600 14th St. NW, Washington, D.C. 20005, to consider: (a) the fairness, reasonableness and adequacy of the Settlement; (b) the dismissal with prejudice of this action as to Settling Respondents; (c) the entry of Final Order and Judgment; (d) payment of agreed incentive awards to the Named Claimants and the estate of former Claimant Mary Rawlings; and (e) the application for by Class Counsel for attorneys' fees and reimbursement of expenses (the "Fee Petition").

8

22.    Any Certified Class member who has not filed a request for exclusion in the manner set forth above may appear at the Fairness Hearing in person or by counsel hired at their own expense and may be heard, to the extent allowed by the Arbitrator, either in support of or in opposition to the fairness, reasonableness, and adequacy of the Settlement, the dismissal with prejudice of the action as to Settling Respondents, the entry of the Final Award Approving Partial Settlement of Class Arbitration, the incentive payments to the Named Claimants or the Fee Petition; provided, however, that no Certified Class member or attorney shall be heard and no papers or briefs submitted by or on behalf of any Certified Class member shall be accepted or considered by the Arbitrator, unless said person has fully and completely complied with the terms and conditions set forth herein. Any Certified Class member or attorney who intends to appear in person at the Fairness Hearing shall provide notice of their intention to appear and disclosure of Certified Class member or party represented, by first class mail or overnight mail postmarked no later twenty (20) days prior to the Fairness Hearing, to counsel for the Settling Parties as follows, who shall notify the Arbitrator ten (10) days prior to the Fairness Hearing:

Claimants, Certified Class, Settlement Claimants

G. Oliver Koppell, Esq.
G. OLIVER KOPPELL & ASSOCIATES
99 Park Avenue, 3rd Floor
New York, NY 10016

9

Settling Respondents

Dwight W. Stone, II, Esq.
WHITEFORD TAYLOR PRESTON LLP
Suite 1500
7 St. Paul St.
Baltimore, MD 21202-1636

23.    The date and time of the Fairness Hearing shall be set forth in the Notice, but shall be subject to adjournment by the Arbitrator without further notice to Certified Class members or Settlement Claimants other than that which may be posted on the website maintained by the Administrator.

24.    The Settling Parties shall submit pleadings or memoranda in support of the Settlement, Settlement Agreement and Class Counsel's Fee Petition to the Arbitrator no later than ten (10) business days prior to the Fairness Hearing.

25.    Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

26.    Upon entry of a Final Award Approving Partial Settlement of Class Arbitration, each and every term and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of the Arbitrator and the AAA.

27.    No discovery with regard to the proposed Settlement or the Settlement Agreement shall be permitted other than as may be directed by the Arbitrator upon a proper showing by the party seeking such discovery.

28.    In the event that the Settlement is disapproved or otherwise terminated in accordance with the provisions of the Settlement Agreement, the Settlement and all

10

proceedings had in connection therewith shall be null and void and without prejudice to the status quo ante rights of the Settling Parties. In such event, monies paid by Settling Respondents pursuant to the Settlement Agreement, and held in escrow, shall be returned to Settling Respondents, less any costs or expenses paid from the Escrow Account as approved by this Order.

29. Notwithstanding the preceding paragraph, the Settlement Agreement shall be binding and enforceable against and as to all Settling Parties, and no Settling Party shall argue in favor of disapproval of the Settlement by the Arbitrator based on any result of the pending appeal to the Fourth Circuit Court of Appeals, Case No. 09-2174.

SO ORDERED this ___ day of _____, 2011.

Donald H. Green, Arbitrator
American Arbitration Association

11